# EXHIBIT 1

FINAL SETTLEMENT AGREEMENT
dated as of
August 28, 2017
by and among
CNH HEALTH & WELFARE PLAN, N/K/A CNH INDUSTRIAL
U.S. HEALTH & WELFARE PLAN
CNH EMPLOYEE GROUP INSURANCE PLAN (merged with, and
into the CNH Health & Welfare Plan, effective January 1, 2009),
CASE NEW HOLLAND, INC., N/K/A CASE NEW HOLLAND
INDUSTRIAL, INC., and BLUE CROSS BLUE SHIELD OF
WISCONSIN D/B/A ANTHEM BLUE CROSS AND BLUE SHIELD,
and
THE SETTLING PLAINTIFFS, BY AND THROUGH
CLASS COUNSEL

# TABLE OF CONTENTS

PAGE

1.  DEFINITIONS ........................................................................................................3

2.  THE LITIGATION AND CLASS COVERED BY THIS AGREEMENT .....................12

3.  COMMITMENT TO SUPPORT AND COMMUNICATIONS WITH SETTLEMENT CLASS MEMBERS ...........................................................................12

4.  NOTICE ...............................................................................................................14

5.  PRELIMINARY APPROVAL OF SETTLEMENT .....................................................16

6.  PROCEDURE FOR FINAL APPROVAL ................................................................16

7.  EFFECT OF DENIAL OF MOTION FOR PRELIMINARY OR FINAL APPROVAL ........................................................................................................19

8.  TOTAL SETTLEMENT FUND; STRUCTURE AND AMOUNTS TO BE PAID ........20

9.  ESCROW ACCOUNT AND ESCROW AGENT .........................................................31

10. ATTORNEYS' FEES AND INCENTIVE AWARDS ...................................................33

11. NOTICE AND ADMINISTRATION COSTS ..............................................................34

12. THE SETTLEMENT ADMINISTRATOR ....................................................................34

13. RELEASE .............................................................................................................36

14. COVENANT NOT TO SUE OR CONTINUE SUIT .................................................38

15. NON-DISPARAGEMENT .....................................................................................39

16. STAY AND BAR ORDER ......................................................................................39

17. IRREPARABLE HARM ..........................................................................................40

18. DISMISSAL WITH PREJUDICE .............................................................................40

19. FORCE MAJEURE ...............................................................................................40

20. NOT EVIDENCE; NO ADMISSION OF LIABILITY ...............................................40

21. ENTIRE AGREEMENT ..........................................................................................41

22. NO PRESUMPTION AGAINST DRAFTER ............................................................41

i

23. EXCLUSIVE AND CONTINUING JURISDICTION AND VENUE ............................42

24. COUNTERPARTS ........................................................................................................42

25. DIVISIONS AND HEADINGS ....................................................................................43

26. SINGULAR AND PLURAL .........................................................................................43

27. WAIVER .......................................................................................................................43

28. NO THIRD-PARTY BENEFICIARIES ......................................................................43

29. GOVERNING LAW .....................................................................................................43

30. TERMINATION DATE OF AGREEMENT ................................................................44

31. ACKNOWLEDGEMENT ............................................................................................44

32. AUTHORITY ...............................................................................................................44

<u>Exhibits:</u>

Exhibit A        Claim Form

Exhibit B        List of Class Counsel

Exhibit C        Form of Preliminary Approval Order

Exhibit D        Form of Final Order and Judgment

Exhibit E        Form of Mailed Notice

# FINAL SETTLEMENT AGREEMENT

This final Settlement Agreement (the "**Agreement**," "**Settlement Agreement**," or "**Settlement**") is made and entered into as of the date set forth on the signature pages hereto by and among the Defendants,[1] and the Settling Plaintiffs (on behalf of themselves and the Settlement Class Members), by and through their counsel of record in *George et al. v. CNH Health & Welfare Benefit Plan et al.*, No. 2:16-cv-01678-JPS (the Settling Plaintiffs, the Settlement Class Members, and the Defendants are herein collectively referred to as the "**Parties**"). The Parties intend this Agreement to resolve, discharge and settle the Released Claims, fully, finally, and forever according to the terms and conditions set forth below.

**WITNESSETH:**

WHEREAS, on December 19, 2016, the civil action titled *George et al. v. CNH Health & Welfare Benefit Plan et al.*, No. 2:16-cv-01678-JPS, was initiated in the United States District Court for the Eastern District of Wisconsin, and the Settling Plaintiffs, individually and on behalf of similarly-situated individuals, asserted claims under the Employee Retirement Income Security Act of 1974, codified in part at 29 U.S.C. § 1132 ("ERISA");

WHEREAS, on March 3, 2017, the Settling Plaintiffs filed an Amended Class Action Complaint ("Complaint"), alleging, among other things, that Defendants underpaid claims for Covered Professional Services rendered by Out-Of-Network Providers by using a Medicare-based methodology to determine benefits owed under the Plan in contravention of applicable provisions under the Plan and ERISA;

---

[1] Capitalized terms have the meanings set forth herein.

1

WHEREAS, Defendants moved to dismiss the Complaint or, in the alternative, for judgment on the pleadings, which motion the Court granted in part and denied in part on May 22, 2017;

WHEREAS, the Parties engaged in discovery in the Litigation, with Settling Plaintiffs and Class Counsel requesting, and Defendants producing many documents, responses to interrogatories and responses to requests for admission, and Class Counsel deposing a corporate representative of CNH;

WHEREAS, following such discovery, the Parties participated in mediation with the assistance of Michael J. Cohen, Esq. on July 19, 2017 and July 20, 2017;

WHEREAS, Defendants deny the material factual allegations and legal claims asserted in the Litigation, and any wrongdoing or liability, and have numerous defenses to the claims that Defendants believe are meritorious. Nonetheless, Defendants desire to resolve any dispute with Settlement Class Members and conclude that further litigation would be protracted and expensive, and that it is desirable that the Released Claims, including all claims asserted by the Settling Plaintiffs in the Complaint, be fully and finally settled in the Litigation and upon the terms and conditions set forth in this Agreement;

WHEREAS, Settling Plaintiffs and Class Counsel believe that the claims asserted in the Complaint have merit, but Settling Plaintiffs and Class Counsel recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute these claims through trial and appeals;

WHEREAS, Settling Plaintiffs and Class Counsel also have taken into account the uncertain outcome and the risk of any class action, especially in a complex class action such as the Litigation, as well as the difficulties and delays inherent in such actions, and Settling

2

Plaintiffs and Class Counsel believe that the settlement set forth in this Agreement confers substantial benefits upon the Settlement Class Members that may not ultimately be achieved through litigation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Plaintiffs (for themselves and all Settlement Class Members), by and through Class Counsel, and the Defendants, that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully resolved, compromised, discharged and settled under the following terms and conditions:

1. **Definitions**

As used in this Agreement, the following terms have the meanings specified below:

1.1     "**Affiliate**" means with respect to any Person, any other Person controlling, controlled by or under common control with such first Person.  The term "control" (including without limitation, with correlative meaning, the terms "controlled by" and "under common control with"), as used with respect to any Person, means the possession, directly or indirectly, of the power to direct or cause the direction of the management and policies of such Person, whether through the ownership of voting securities or otherwise.

1.2     "**Agreement**" or "**Settlement Agreement**" or "**Settlement**" shall have the meaning assigned to that term in the preamble of this Agreement.

1.3     "**Allowed Amount**" or "**Allowable Amount**" means the amount Defendants determined to be eligible for reimbursement under the Plan for a Plan Member's Covered Professional Services submitted for reimbursement under the Plan, before the application of co-insurance, deductibles, and coordination of benefits for coverage under another plan or health benefits policy.

3

1.4     "**Anthem**" means Defendant Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield.

1.5     "**Attorneys' Fees**" means the funds for attorneys' fees and expenses that may be awarded by the Court to Settlement Class Counsel and shall include fees for all past, present, and future work (through the Settlement Hearing Date), efforts, and expenditures in connection with the Litigation and this Settlement, including fees, costs, and expenses of any co-counsel, experts, consultants, or other individuals retained by, or who assisted Class Counsel in connection with the Litigation and this Settlement.

1.6     "**Balance Bill**" means a written bill, invoice, or other demand for payment from a provider or provider's representative seeking payment from a Plan Member for the difference between a provider's billed charge and the Allowed Amount for a Covered Professional Service. A Balance Bill does not include a bill for any other amounts, such as Denied Claims, co-insurance, deductibles, and coordination of benefits.  Under this Agreement, a Balance Bill includes any written bill for this amount regardless of when or how it is presented to the Plan Member, including a bill for the entire billed charge that the provider presented to the Plan Member in person at the time of the Covered Professional Service, as well as a bill that the provider sent to the Plan Member by mail or other means after reimbursement of the Allowed Amount for the Covered Professional Service under the Plan.

1.7     "**Business Day**" means Monday through Friday, excluding federal holidays.

1.8     "**Claim Submission Deadline**" shall have the meaning assigned to that term in Section 8.5(b) of this Agreement.

1.9     "**Class Counsel**" or "**Settlement Class Counsel**" means those Persons set forth in Exhibit B attached hereto.

Case 2:16-cv-01678-JPS   Filed 09/01/17   Page 8 of 92   Document 31-1

1.10 "**CNH**" means Defendant Case New Holland, Inc., n/k/a Case New Holland Industrial, Inc.

1.11 "**Complaint**" means (unless otherwise indicated) the Amended Class Action Complaint in the Litigation.

1.12 "**Court**" means the United States District Court for the Eastern District of Wisconsin.

1.13 "**Covered Professional Service**" means any professional health care service and supply for which a Plan Member is entitled to receive coverage under the terms and conditions of the Plan.

1.14 "**Day**" means a calendar day, unless otherwise noted herein. When a period is stated in days, the period is calculated by excluding the day of the event that triggers the period and counting every subsequent day. The last day of the period is included, but if the last day is a Saturday, Sunday, or federal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or federal holiday.

1.15 "**Defendants**" mean CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health & Welfare Plan, CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009), Case New Holland, Inc., n/k/a Case New Holland Industrial, Inc., and Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield, and their current and former Subsidiaries, divisions, Affiliates, predecessors, insurers, and assigns.

1.16 "**Denied Claim**" means any claim line in the claims data discussed in Section 8.2 for which the Allowed Amount equals $0.

5

1.17    "**Effective Date**" means the later of:  (1) the eleventh (11th) Day after the last date on which notice of appeal could have been timely filed if the Final Order and Judgment is entered by the Court and the time for appeal from all such orders and judgment has elapsed (including without limitation any extension of time for the filing of any appeal that may result by operation of law or order of the Court) with no notice of appeal having been filed; or (2)  the eleventh (11th) Day after the Final Order and Judgment is affirmed, all appeals are dismissed, and no further appeal to, or discretionary review in, any court remains if the Final Order and Judgment is entered and an appeal is filed.  An appeal of the Final Order and Judgment shall postpone the occurrence of the Effective Date.

1.18    "**Escrow Account**" means the account controlled by the Escrow Agent, which in turn shall have the meaning assigned to that term in Section 9.

1.19    "**Execution Date**" means the later of (i) the date on which the signatures of the Defendants have been delivered to Settlement Class Counsel; and (ii) the date on which the signatures of Class Counsel have been delivered to the Defendants.

1.20    "**Final Order and Judgment**" means the order and form of judgment approving this Agreement and dismissing the Litigation with prejudice.

1.21    "**Litigation**" means the *George et al. v. CNH Health & Welfare Benefit Plan et al.* civil action, No. 2:16-cv-01678-JPS.

1.22    "**Mailed Notice**" means the form of notice attached hereto as Exhibit E.

1.23    "**Notice Date**" shall have the meaning assigned to that term in Section 4.1 of this Agreement.

1.24    "**Opt-Out**" shall have the meaning assigned to that term in Section 6.2 of this Agreement.

6

1.25    "**Opt-Out Deadline**" shall have the meaning assigned to that term in Section 6.2 of this Agreement.

1.26    "**Out-Of-Network Provider**" shall mean a professional provider of health care services or supplies (such as a physician or other healthcare practitioner) who did not participate as a member of the participating provider network(s) on the date services were provided as defined under the terms and conditions of the Plan.

1.27    "**Partially Allowed" or "Partially Allowed OON Professional Claim**" means any final, fully-adjudicated claim line for a Covered Professional Service provided by an Out-of-Network Provider to a Plan Member that is not a Denied Claim and for which the Allowed Amount is less than the amount billed by the provider.  Partially Allowed OON Professional Claim excludes claim lines for Covered Professional Services that were (i) claims involving coordination of benefits for which Medicare was primary, and (ii) claims successfully negotiated by National Care Network (i.e., those claim lines, as reflected in the claims data for Covered Professional Services provided by an Out-of-Network Provider under the Plan, for which the Out-of-Network Provider agreed to accept a certain amount negotiated by National Care Network as full reimbursement and to not bill the Plan Member for the difference between that negotiated amount and the provider's charge).

1.28    "**Parties**" shall have the meaning assigned to that term in the preamble of this Agreement.

1.29    "**Person**" and "**Persons**" means all persons and entities (including without limitation natural persons, firms, corporations, limited liability companies, joint ventures, joint stock companies, unincorporated organizations, agencies, bodies, governments, political subdivisions, governmental agencies and authorities, associations, partnerships, limited liability

7

partnerships, trusts, and their predecessors, successors, administrators, executors, heirs and assigns).

1.30    "**Plaintiffs**" or "**Settling Plaintiffs**" means Plaintiffs Brenten George and Denise Valente-McGee.

1.31    "**Plan**" means the CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health and Welfare Plan, and the CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009), and refers to the health care benefits as set forth in the Plan Member's summary plan description, certificate of coverage, or other applicable coverage document.

1.32    "**Plan Member**" means a participant and/or beneficiary enrolled in or otherwise covered under the Plan.

1.33    "**Preliminary Approval Date**" means the date the Preliminary Approval Order is entered by the Court.

1.34    "**Preliminary Approval Hearing**" shall have the meaning assigned to that term in Section 5 of this Agreement.

1.35    "**Preliminary Approval Order**" means the preliminary approval order, in substantially the form attached hereto as Exhibit C.

1.36    "**Proof of Claim Form**" or "**Claim Form**" means a document in substantially the form attached hereto as Exhibit A.

1.37    "**Released Claims**" means any and all manner of claims, counterclaims, actions, causes of action, arbitrations, damages, debts, demands, duties, judgments, liabilities, losses, obligations, penalties, liquidated damages, proceedings, agreements, promises, controversies, costs, expenses, attorneys' fees, and suits of every nature and description whatsoever, whether

8

based on federal, state, provincial, local, foreign, statutory, or common law or any other law, rule, or regulation, in the United States, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, known or unknown, foreseen or unforeseen, whether class or individual in nature, arising before the Preliminary Approval Date, that the Releasing Parties, or any of them, ever had, now have, or can have, or that have been or could have been asserted against any of the Released Parties by the Releasing Parties, directly or derivatively, in the Litigation, or any other forum based on, by reason of, arising from, in connection with, or in any way relating to the conduct, events, facts, transactions, occurrences, acts, representations, omissions, or other matters set forth, alleged, embraced, or otherwise referred to or alleged in the Complaint (original and/or amended). This includes, without limitation and as to the Released Parties only, any claims arising from, in connection with or in any way relating to the adequacy or lawfulness of the reimbursement rates or methodologies, including but not limited to a percentage of rates on the Medicare Physician Fee Schedule, used by Defendants to determine reimbursement under the Plan for Covered Professional Services rendered by Out-of-Network Providers to Plan Members, and Defendants' determination, computation, payment, nonpayment, adjustment, or limitation of reimbursement under the Plan for Partially Allowed OON Professional Claims.

     1.38     "**Released Parties**" means, individually or collectively, Defendants, their predecessors, assigns, past and present and direct and indirect parents, Subsidiaries, divisions, Affiliates, and insurers and each of their current or former agents, representatives, officers, directors, executives, members, partners, participants, shareholders, investors, principals, employees, trustees, assigns and attorneys (and the predecessors, heirs, executors, administrators and assigns of each of the foregoing) to the extent those entities or individuals acted on behalf of

9

Defendants. The inclusion of any entity that is not a Party to this Settlement Agreement in the foregoing list of Released Parties shall not constitute a waiver of any defenses any such entity has to improper service or lack of personal jurisdiction.

1.39 "**Releasing Party**" or "**Releasing Parties**" means, individually or collectively, the Plaintiffs and each and every Settlement Class Member, together with his or her heirs, executors, administrators, successors, and assigns, along with their agents, representatives, trustees, officers, directors, executives, partners, shareholders, investors, principals, employees, insurers, indemnitors, assigns and attorneys, to the extent those individuals acted on behalf of Plaintiffs or Settlement Class Members, or are claiming through or by virtue of the claims of Plaintiff or any Settlement Class Member.

1.40 "**Settlement Administration Costs**" shall mean (i) the costs and expenses associated with the production and dissemination of the Mailed Notice; (ii) all reasonable fees and costs incurred by the Settlement Administrator in administering and effectuating this Settlement, which costs and expenses are authorized or necessitated by performance and implementation of this Agreement and any Court orders relating thereto; (iii) the costs and expenses associated with any other notices, mailings, publications, or processing of Claim Forms required under the terms of this Agreement or any court order, and (iv) Tax Expenses as set forth in Section 9.2.

1.41 "**Settlement Administrator**" shall mean Garden City Group, LLC also known as GCG, a commercially reasonable class action settlement administrator chosen by Defendants and approved by Settlement Class Counsel.

1.42 "**Settlement Class**" means the Settlement Class Members.

10

1.43    "**Settlement Class Members**" means Persons who are or were Plan Members who, at any time from August 1, 2010 through the Date of Preliminary Approval, received Covered Professional Services from an Out-of-Network Provider that were Partially Allowed and: (i) whose claims for reimbursement under the Plan for such services were submitted on or before the Preliminary Approval Date, or (ii) who have received notice of this Agreement before the Settlement Hearing Date.  "Settlement Class Members" shall exclude any such Persons who validly and timely requested to Opt-Out of this Agreement pursuant to Section 6.2.

1.44    "**Settlement Class Period**" means the period from August 1, 2010 through the Preliminary Approval Date.

1.45    "**Settlement Hearing**" means the hearing at which the Court shall consider and determine whether to enter the Final Order and Judgment and make such other orders as are contemplated by this Agreement.

1.46    "**Settlement Hearing Date**" shall have the meaning assigned to that term in Section 6.4 of this Agreement.

1.47    "**Subsidiary**" means any entity of which securities or other ownership interests having ordinary voting power to elect a majority of the board of directors or other persons performing similar functions are, as of the Effective Date, directly or indirectly owned by any of the Defendants, but only so long as such securities or other ownership interests having ordinary voting power to elect a majority of the board of directors or other persons performing similar functions are, directly or indirectly, held by such Defendant.

1.48    "**Total Settlement Fund**" shall have the meaning assigned to that term in Section 8.1 of this Agreement.

11

Additional terms are defined throughout this Agreement and shall have the meanings set forth herein.

## 2. The Litigation and Class Covered by This Agreement

This Agreement sets forth the terms of a settlement agreement resolving the Released Claims and the Litigation between the Defendants, Settling Plaintiffs, and all Settlement Class Members.

### 2.1 Excluded Individuals and Entities

Excluded from the Settlement Class are: (1) Defendants and any current and former Subsidiaries, divisions, Affiliates, predecessors, insurers, assignees, and successors-in-interest; (2) any judge who presides or has presided over the Litigation, together with his/her immediate family members and any other individual residing in the judge's household; (3) individuals and entities that Opt-Out of the Settlement in accordance with the procedures approved by the Court; and (4) the United States and/or State governments and their agencies and departments.

## 3. Commitment to Support and Communications with Settlement Class Members

The Parties agree that it is in their respective best interests to: (i) consummate this Agreement and all the terms and conditions contained herein; (ii) cooperate with each other; (iii) take all actions reasonably necessary to recommend and obtain Court approval of this Agreement and entry of the orders of the Court that are required to implement its provisions; and (iv) support this Agreement in accordance with, and subject to, the provisions of this Agreement.

Defendants, Settling Plaintiffs, and their respective undersigned counsel shall cooperate in presenting papers, declarations, affidavits, and testimony to the Court as may be necessary to effectuate the purpose and intent of this Settlement Agreement.

During the course of settlement discussions, the Defendants (i) analyzed, and provided calculations of purported under-reimbursement for, claims for reimbursement of Covered Professional Services provided by Out-of-Network Providers to Settlement Class Members based on Plaintiffs' alleged theories, (ii) disclosed the scope, assumptions and limitations of that analysis and underlying data, and (iii) provided such information to Class Counsel in good faith. The Defendants will provide, if required by the Court, evidentiary support to verify the assumptions if such information is able to be filed under seal, and consistent with confidentiality and privacy obligations or required permissions pursuant to, without limitation, applicable data licensure agreement(s), the Health Insurance Portability and Accountability Act, or other applicable laws or legal requirements.

Class Counsel and Settling Plaintiffs will provide truthful information to potential Settlement Class Members but will take no steps to discourage Settlement Class Members from participating in this Agreement or encourage them to Opt-Out pursuant to Section 6.2 of this Agreement.

Settling Plaintiffs, Class Counsel and the Defendants agree that the Settlement Administrator may communicate with Settlement Class Members regarding the provisions of this Agreement, so long as such communications are not inconsistent with the Mailed Notice or other agreed upon communications concerning the Agreement. The Parties agree that from the Notice Date until the Effective Date, the Defendants shall make reasonable efforts to refer all Settlement Class Member inquiries concerning the Settlement to the Settlement Administrator identified in the Mailed Notice. Nothing contained herein, however, shall prevent the Defendants from communicating with Settlement Class Members in the ordinary course of the Defendants' business.

13

**4.** **Notice**

**4.1** **Notice to Settlement Class Members**

As soon as practicable after the Court has (a) entered the Preliminary Approval Order and (b) approved the Mailed Notice and the Proof of Claim Form, notice to potential Settlement Class Members shall be disseminated in such form as the Court shall direct, provided that the form of notice is substantially similar to the Mailed Notice attached as Exhibit E.

Class Counsel and the Defendants shall be jointly responsible for identifying names and addresses of potential Settlement Class Members and shall cooperate with each other and the Settlement Administrator to make such identifications and determinations. The Defendants shall take reasonable steps to provide from their own records, at their own expense, information from which a list of potential Settlement Class Members can be identified for the Mailed Notice.

The Parties will jointly request an order requiring that the Mailed Notice be disseminated no later than 120 days after the Preliminary Approval Date (the "**Notice Date**").

**Class Action Fairness Act Notice**. Defendants, themselves or through the Settlement Administrator, shall effectuate notice pursuant to 28 U.S.C. § 1715 and shall advise the Court in an appropriate filing prior to the Settlement Hearing that such notice was effectuated.

**4.2** **Notice to Parties Pursuant to This Agreement**

All notices to Settlement Class Members required under this Agreement shall be sent by first class U.S. Mail to the last known mailing address for each of the Settlement Class Members. All other submissions and notices required under this agreement shall be sent by first class U.S. Mail, by hand delivery, by facsimile or by electronic mail (as applicable) to the recipients designated in this Agreement.

14

Timeliness of all submissions and notices not otherwise specifically addressed in this Agreement shall be measured by the date of receipt, unless the addressee refuses or delays receipt. By way of example of specific timeliness requirements that supersede the standard set forth in the preceding sentence, timeliness of a request to Opt-Out of the Settlement shall be determined by the postmark date; similarly Mailed Notice shall be considered timely and in compliance with the Notice Date if the Mailed Notices are postmarked on or before the Notice Date.

The Persons designated to receive notices (other than Mailed Notice of this Agreement) under this Agreement are as follows, unless notification of any change to such designation is given to Class Counsel and the Defendants pursuant to this Section:

**Class Counsel (on behalf of themselves and on behalf of Settling Plaintiffs and Settlement Class Members):**

Douglas P. Dehler
Christa Wittenberg
O'NEIL CANNON HOLLMAN DEJONG
& LAING, S.C.
111 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Doug.Dehler@wilaw.com
Christa.Wittenberg@wilaw.com

John B. Tuffnell
TUFFNELL LAW S.C.
790 N. Milwaukee Street, Suite 200
Milwaukee, WI 53202
Telephone: (414) 550-2296
Facsimile: 414-437-9240
jbt@tuff-law.com

**CNH and the Plan:**

Patrick J. Murphy
Alexandra W. Shortridge
Paul Parrish
QUARLES & BRADY LLP
411 East Wisconsin Avenue Suite 2400
Milwaukee, WI 53202-4426
Telephone: (414) 277-5459
Facsimile: (414) 978-8617
patrick.murphy@quarles.com
alexandra.shortridge@quarles.com
paul.parrish@quarles.com

15

**Anthem:**

Briana L. Black
E. Desmond Hogan
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
desmond.hogan@hoganlovells.com
briana.black@hoganlovells.com

Bartholomew F. Reuter
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 297-5826
Facsimile: (414) 297-4900
breuter@foley.com

## 5. <u>Preliminary Approval of Settlement</u>

Settling Plaintiffs, on behalf of themselves and the Settlement Class, shall, through Class Counsel, and in form acceptable to the Defendants, file a motion for preliminary approval ("Preliminary Approval Motion") of the Settlement Agreement and for purposes of this Settlement only, conditional certification of the Settlement Class, and request a hearing on that motion as soon as is practical, seeking from the Court an order granting preliminary approval of the Settlement Agreement (including approval of the Mailed Notice and Proof of Claim Form) in a form not materially different from the Preliminary Approval Order attached as Exhibit C. The hearing in which the Court considers and determines whether to enter the Preliminary Approval Order shall be referred to as the "**Preliminary Approval Hearing**."

## 6. <u>Procedure for Final Approval</u>

### 6.1 **Objection Rights and Timing**

Settlement Class Members may object to this Agreement by filing with the Court, in the manner specified in the Mailed Notice, any objection or other response to this Agreement by the deadline set by the Court as the Objection Date. When seeking Preliminary Approval of this Agreement, the Parties agree to request the Court to set the Objection Date for the date that is 60 days after the Notice Date (the **"Objection Date"**).

### 6.2    Opt-Out Rights and Timing

Plan Members otherwise included in the Settlement Class may request exclusion from the Settlement Class ("**Opt-Out**") by providing written notice, in the manner specified in the Mailed Notice, on or before a date set by the Court as the Opt-Out Deadline.  Settling Plaintiffs, Class Counsel and the Defendants agree to request that the Court set the Opt-Out Deadline for the date that is 60 days after the Notice Date (the "**Opt-Out Deadline**").

Plan Members otherwise included in the Settlement Class who so timely request to Opt-Out shall be excluded from this Agreement and from the Settlement Class.  Any Plan Member otherwise included in the Settlement Class who does not submit a request to Opt-Out by the Opt-Out Deadline or who does not otherwise comply with the agreed upon Opt-Out procedure approved by the Court shall be deemed a Settlement Class Member and be bound by the terms of this Agreement and the Final Order and Judgment.  Any such Plan Member who files both an Objection and a request to Opt-Out shall be deemed to have opted-out.

Any Plan Member otherwise included in the Settlement Class who timely submits a request to Opt-Out shall have until the Settlement Hearing to deliver to Class Counsel and the Settlement Administrator a written revocation of such request to Opt-Out.  Class Counsel shall timely apprise the Court of such revocations.

### 6.3    Defendants' Right to Terminate Agreement

Notwithstanding any other provisions in this Agreement, one or both of the Defendants, in its/their sole and exclusive discretion, may withdraw from this Agreement if any of the following occur:

a.  The Agreement is not approved by the Court in the form drafted and agreed upon by the Parties, including certification of the Settlement Class as defined herein;

17

b. Any material objections to the Settlement Agreement are sustained by the Court;

c. More than the agreed-to number of Plan Members otherwise included in the Settlement Class Opt-Out of the Settlement in accordance with the opt-out provisions in Section 6.2;

d. The Department of Labor and/or any other federal government agency with jurisdiction over the claims in the complaint or the amended complaint, during the court-imposed deadlines to object to the settlement, objects in any manner by which such agency seeks amounts to be paid by either Defendant that relate to the claims or issues in this Litigation;

e. Final Approval does not occur and the Court does not enter the Final Order and Judgment substantially in the form agreed to by the Parties and attached as Exhibit D to this Agreement; or

f. The Final Order and Judgment approving this Agreement is not affirmed in its entirety on any appeal or discretionary review.

This Agreement shall terminate pursuant to this Section upon delivery by Defendants, or either of them, of a notice of termination to Class Counsel, and, except where expressly provided otherwise, the provisions of this Agreement shall thereafter become void and of no further force or effect and there shall be no liability under this Agreement on the part of any Party, except as to a claim for breach of this Agreement brought before the Termination Date.

### 6.4 Setting the Settlement Hearing Date and Settlement Hearing Proceedings

Settling Plaintiffs, on behalf of themselves and the Settlement Class, shall, through Class Counsel, and in form acceptable to the Defendants, file a motion for final approval ("Final Approval Motion") of the Settlement Agreement and for purposes of this Settlement only,

18

certification of the Settlement Class, within 5 Business Days of the Settlement Administrator Report Date, as defined in Section 12.4 ("**Due Date for Final Approval Motion**"). In connection with the Preliminary Approval Motion, the Parties agree to request that the Court hold the Settlement Hearing on or about the date that is 21 days after the Due Date for Final Approval Motion (the "**Settlement Hearing Date**") and to work together to identify and submit any evidence that may be required by the Court to satisfy the burden of proof for obtaining final approval of this Agreement and the orders of the Court that are necessary to effectuate the provisions of this Agreement, including, without limitation, the Final Order and Judgment and the provisions contained therein. At the Settlement Hearing, the Parties shall present evidence necessary and appropriate to obtain the Court's approval of this Agreement, the Final Order and Judgment and the orders contained therein. The Parties shall meet and confer prior to the Settlement Hearing to coordinate their presentation to the Court in support of Court approval thereof.

  **6.5**  **Final Order and Judgment**

   After notice and hearing, the Court shall enter a Final Order and Judgment dismissing this Litigation with prejudice in a form not materially different from the Final Order and Judgment attached hereto as Exhibit D. Such Final Order and Judgment shall be final, binding and with prejudice against all Settlement Class Members and the Parties.

**7.**  <u>**Effect of Denial of Motion for Preliminary or Final Approval**</u>

   Other than to effectuate this Agreement, the Parties do not agree to the conditional certification of the Settlement Class, the provisional designation of Class Counsel, or the provisional designation of Settling Plaintiffs as representatives of the Settlement Class for any purpose. If this Agreement is terminated pursuant to Section 6.3, or if the Effective Date does

not occur for any reason, then the conditional certification of the Settlement Class and the provisional designation of Class Counsel and Settling Plaintiffs as representatives of the Settlement Class shall be automatically vacated, the Release of Claims set forth in Section 13 shall be null and void, and the Litigation shall proceed as though the Settlement Class had never been conditionally certified and as though the provisional designations of Settling Plaintiffs and Class Counsel had not been made, without prejudice to Settling Plaintiffs' right to file a motion to certify a class or classes and to seek appointment of class representatives and class counsel, and without prejudice to the Defendants' right to assert any and all defenses to class certification, including, but not limited to, the propriety of any class or classes and/or the substantive allegations asserted by Settling Plaintiffs and the putative class or classes. The fact that Defendants have not opposed certification of the Settlement Class shall not be used against Defendants by any party or nonparty for any purpose in this Litigation or any other action, lawsuits, or proceedings of any kind whatsoever. This provision survives termination of this Agreement.

8.    **Total Settlement Fund; Structure and Amounts to be Paid**

    8.1    **Establishment of the Total Settlement Fund**

    **Total Settlement Fund.**  Defendants will establish a settlement fund of Seven Hundred Fifty Thousand Dollars ($750,000) in full compensation for all Released Claims, including all compensation to the Settling Plaintiffs and Settlement Class Members, provided, however, that (a) incentive awards to the Settlement Plaintiffs; (b) Settlement Administration Costs (except as provided below), and (c) Attorneys' Fees, shall be paid separately by Defendants, as provided in Sections 10 and 11 herein.  To establish the settlement fund, Defendants shall cause the amount of $750,000 to be transferred to an Escrow Account within twenty-one (21) Business Days after

20

the later of (a) the date on which the Final Order and Judgment is entered by the Court, and (b) the receipt by Defendants' counsel of wire/check payee instructions and a Form W-9 providing the tax identification number for the Escrow Account. These funds, together with any interest and income earned thereon once transferred, shall constitute the "**Total Settlement Fund**."

**Entire Monetary Obligation**. Notwithstanding anything else in this Agreement, Defendants shall in no event be required to pay any amounts other than the Total Settlement Fund, Settlement Administration Costs as set forth in Section 11 below, and incentive awards to the Settling Plaintiffs and Attorneys' Fees to Class Counsel as set forth in Section 10 below. It is understood and agreed that Defendants' monetary obligations under this Settlement Agreement will be fully discharged by paying such amounts, subject to the limitations set forth herein, and that Defendants shall have no other monetary obligations, or obligations to make any other payments under this Agreement or otherwise.

### 8.2    Processing of Claims by the Settlement Administrator

All distributions of funds from the Total Settlement Fund are subject to claims being processed by the Settlement Administrator pursuant to the process set forth in this Section 8 of the Agreement. The Defendants shall take reasonable steps to make available to the Settlement Administrator the claims data for, and related calculations concerning, at-issue benefit claims, specifically Settlement Class Members' Partially Allowed OON Professional Claims, that were produced in discovery in the Litigation and during the course of settlement discussions (and such other records from their systems and related calculations necessary to cover the Settlement Class Period), to facilitate the processing of claims from the Total Settlement Fund. Hereinafter such information shall be referred to as the "**Claims Data Analysis**." The Settlement Administrator has complete and final authority to determine the eligibility of an individual Settlement Class

21

Member to receive payment and to determine the amount to be paid on each claim under the terms of this Agreement, and its decision shall be final, binding, and cannot be appealed.

### 8.3 Payment to Settlement Class Members

The Parties agree that all payments from the Total Settlement Fund shall be paid directly to the Settlement Class Member unless otherwise directed by the Settlement Class Member in the manner specified in the Mailed Notice. By choosing not to Opt-Out of this Agreement, and by claiming or accepting payment under this Agreement, the Settlement Class Member is deemed to have revoked any purported assignment of any of the Released Claims, including any claim to reimbursement for his or her Partially Allowed OON Professional Claims. If any such purported assignment cannot be revoked for any reason, the assigning Settlement Class Member is solely responsible for making any payments to an assignee that may be required pursuant to the assignment. Moreover, by choosing not to Opt-Out of this Agreement, and claiming or accepting payment under this Agreement, the Settlement Class Member is deemed to have agreed to indemnify and hold harmless Defendants, or any of them, if any third party pursues any Released Claim against any Defendant.

### 8.4 Minimum Reimbursement Amount Paid to All Settlement Class Members

By choosing not to Opt-Out, each and every Settlement Class Member shall be deemed to have submitted a claim for compensation from the Total Settlement Fund and is entitled, under this Agreement, to receive a minimum payment in the amount of $20 from the Total Settlement Fund.

### 8.5 Paying Additional Settlement Funds to Eligible Settlement Class Members:

After allocating funds sufficient to pay the minimum $20 settlement payments to all Settlement Class Members pursuant to Section 8.4 above and any Settlement Administration

22

Costs payable from the Total Settlement Fund pursuant to Section 11 (the total of which will be $0 unless the reasonable Settlement Administration Costs exceed $100,000) and any Taxes payable from the Total Settlement Fund pursuant to Section 9.2, the Settlement Administrator shall distribute the remainder of the Total Settlement Fund to the Eligible Settlement Class Members as set forth in greater detail below.

(a)  Eligibility for Additional Reimbursement:  Settlement Class Members are eligible for additional compensation from the Total Settlement Fund if they meet the following criteria (collectively "**Eligible Settlement Class Members**"):

(1) Union Settlement Class Members: Settlement Class Members (i) included in the subgroups of the Plan applicable to active and retired members of the United Autoworkers Union during the Settlement Class Period ("**Union Settlement Class Members**") on the date(s) they received Covered Professional Services that resulted in Partially Allowed OON Professional Claim(s), (ii) who received such services on or before December 31, 2016, and (iii) whose Total Alleged Underpayment (as calculated below) is greater than $0 are Eligible Settlement Class Members.

(2) Non-Union Settlement Class Members:  Settlement Class Members (i) not included in the subgroups of the Plan applicable to active and retired members of the United Autoworkers Union during the Settlement Class Period ("**Non-Union Settlement Class Members**) on the date(s) they received Covered Professional Services that resulted in Partially Allowed OON Professional Claim(s), (ii) who received such services on or before December 31, 2014, and (iii) whose Total Alleged Underpayment (as calculated below) is greater than $0 are Eligible Settlement Class Members.

23

The Partially Allowed OON Professional Claims for which such Eligible Class Members are eligible to receive additional compensation (**"Eligible Partially Allowed OON Professional Claims"**) are (i) for Union Settlement Class Members, only those Partially Allowed OON Professional Claims for Covered Professional Services received on or before December 31, 2016, and (ii) for Non-Union Settlement Class Members, only those Partially Allowed OON Professional Claims for Covered Professional Services received on or before December 31, 2014.

Union Settlement Class Members who received Covered Professional Services from an Out-of-Network Provider on or after January 1, 2017 and any Non-Union Settlement Class Members who received Covered Professional Services from an Out-of-Network Provider on or after January 1, 2015 will not be eligible for any additional compensation from the Total Settlement Fund pursuant to Section 8.5 for Partially Allowed OON Claims relating to such services because the Summary Plan Descriptions ("SPD") applicable to such claims were amended. Specifically, CNH represents that the Plan administrator amended the applicable SPD language relating to the determination of "Maximum Allowable Amount" for Covered Professional Services by Out-of-Network Providers effective not later than January 1, 2015 for Non-Union Settlement Class Members, and effective not later than January 1, 2017 for Union Settlement Class Members, to confirm that the "Maximum Allowable Amount" may be determined based on, *inter alia*, reimbursement or cost information obtained from the Centers for Medicare and Medicaid Services.

(b)      Additional Settlement Payments to Eligible Settlement Class Members: As set forth in Section 8.4 above, each Settlement Class Member will receive not less than $20 pursuant

24

to this Settlement. In addition, Eligible Settlement Class Members (as defined above) are eligible to receive additional compensation as part of this Settlement.

By choosing not to Opt-Out, each Eligible Settlement Class Member will be deemed to have submitted a timely and valid request for such additional compensation from the Total Settlement Fund (above and beyond the $20 minimum payment) except as provided below.

Eligible Settlement Class Members with a Total Alleged Underpayment of $500 or less are not required to submit any proof of claim or other documentation to support a request for additional compensation. Their additional compensation (if any) will be calculated based on claims data that Defendants provided during discovery in this litigation and during settlement negotiations, supplemented to cover the Settlement Class Period, and contained in the Claims Data Analysis that Defendants will provide to the Settlement Administrator pursuant to Section 8.2.

Any Eligible Settlement Class Member with a Total Alleged Underpayment of more than $500 must complete and submit a Proof of Claim Form and provide required documentation of one or more Balance Bills if he or she wishes to seek additional compensation of more than $500 from the Total Settlement Fund. Each Eligible Settlement Class Member with a Total Alleged Underpayment of $500 or more will be provided by first class United States mail the Proof of Claim Form attached hereto as Exhibit A, along with the Mailed Notice. Each Eligible Settlement Class Member who receives the Proof of Claim Form must complete and return it, along with required documentation of one or more Balance Bills, to the Settlement Administrator by depositing it with proper postage in first class United States mail within 60 days of the Notice Date ("**Claims Submission Deadline**"). If an Eligible Settlement Class Member with a Total Alleged Underpayment of $500 or more does not return a valid Proof of Claim Form and

25

required documentation of Balance Bills by the Claims Submission Deadline, then the Total Alleged Underpayment for that Eligible Settlement Class Member will be $500. If such Eligible Settlement Class Member with a Total Alleged Underpayment of $500 or more returns a valid Proof of Claim Form and required documentation of Balance Bills for some but not all of his or her Eligible Partially Allowed OON Professional Claims, his or her Total Alleged Underpayment will be equal to the greater of (a) $500 or (b) the sum of the Alleged Underpayment for each of the Eligible Partially Allowed OON Professional Claims for which he or she returns required documentation of a Balance Bill.

Depending on the aggregate of the Total Alleged Underpayments for all Eligible Settlement Class Members, the additional compensation paid to Eligible Settlement Class Members may be subject to a *pro rata* reduction, as described in Section 8.5(c) below.

(c)     Calculating the Payments to be Made to All Eligible Settlement Class Members: Pursuant to the parameters and methodology overview and related data and other information provided by Defendants during settlement discussions, the Claims Data Analysis that Defendants will provide the Settlement Administration pursuant to Section 8.2 reflects a process to measure the alleged underpayment of Eligible Partially Allowed OON Professional Claims based on Plaintiffs' asserted theories in this Litigation for each Eligible Settlement Class Member. A description of the calculations is provided herein.

**Determining the Amount of Each "Alleged Underpayment":** For each Eligible Partially Allowed OON Professional Claim, an initial "**Alleged Underpayment**" is first calculated as the difference between: (1) the Allowed Amount (defined in Section 1.3 above) for each such claim ; and (2) the amount for each such claim that corresponds to the same CPT code and geographic area in provider charge percentile data that Defendants obtained from an

26

independent third-party vendor and shared with Class Counsel ("**Provider Charge Percentile Amount**"); however, if the Provider Charge Percentile Amount exceeds the amount the Out-of-Network Provider charged for the Covered Professional Services that resulted in Eligible Partially Allowed OON Professional Claims (the "**Billed Charge**"), the Billed Charge is used instead of the Provider Charge Percentile Amount. In other words, the initial Alleged Underpayment is generally the Provider Charge Percentile Amount for each Eligible Partially Allowed OON Professional Claims minus the actual Allowed Amount in the claims data for such claim. (In some cases, the Provider Charge Percentile Amount minus the Allowed Amount will be a negative number; in those cases, the Alleged Underpayment is $0).

The amount of the initial Alleged Underpayment then is adjusted to account for the Settlement Class Member's financial responsibility (i.e. deductibles and co-insurance payments). This adjustment is made by comparing the amount actually paid by the Plan on the Eligible Partially Allowed OON Professional Claim at issue ("**Paid Amount**") to the Allowed Amount reflected in the claims data for the claim. The resulting ratio is used to adjust the Alleged Underpayment to account for the Settlement Class Member's financial responsibility. For example, if the Allowed Amount for a claim was $80, and the Paid Amount for that claim was $50 (after applying $30 in deductibles or coinsurance), then the ratio of the Paid Amount to the Allowed Amount is $50/$80, or 5/8. This ratio is then applied to determine the Alleged Underpayment for each Eligible Partially Allowed OON Professional Claim.

An equation showing how the Alleged Underpayment is calculated for each Eligible Partially Allowed OON Professional Claim is as follows:

$$Alleged\ Underpayment = (Provider\ Charge\ Percentile\ Amount - Allowed\ Amount) \times \frac{Paid\ Amount}{Allowed\ Amount}$$

Case 2:16-cv-01678-JPS    Filed 09/01/17    Page 31 of 92    Document 31-1

**Determining the "Total Alleged Underpayment" for Each Eligible Settlement Class Member.** Eligible Settlement Class Members may have more than one Eligible Partially Allowed OON Professional Claim resulting in an Alleged Underpayment during the Settlement Class Period. Each Eligible Settlement Class Member's "**Total Alleged Underpayment**" is the sum of Alleged Underpayments for each of the Eligible Settlement Class Member's Eligible Partially Allowed OON Professional Claims, minus the $20 minimum payment that each Eligible Settlement Class Member will receive based on Section 8.4 above. An equation showing how the Total Alleged Underpayment is calculated is as follows:

$$\begin{aligned}
\textit{Elig. Settlement Class Member's} \\
\textit{Total Alleged Underpayment } = \quad
\end{aligned}
\begin{aligned}
&(\textit{Alleged Underpayment for Elig. Partially Allowed Claim}_1 \\
&+ \textit{Alleged Underpayment for Elig. Partially Allowed Claim}_2 \\
&+ \textit{Alleged Underpayment for Elig. Partially Allowed Claim}_3 \\
&+ \textit{Alleged Underpayment for Elig. Partially Allowed Claim}_{etc.}) \\
&- \$20
\end{aligned}$$

The Total Alleged Underpayment for each Eligible Settlement Class Member is determined using the above equation, except that (a) if subtracting the $20 minimum payment would result in a negative number, then the Eligible Settlement Class Member's Total Alleged Underpayment is $0 (meaning that the Eligible Settlement Class Member will receive the $20 minimum payment, and nothing more); (b) for any Eligible Settlement Class Member whose Total Alleged Underpayment is $500 or more and who fails to submit a timely and valid Proof of Claim Form and supporting documentation of Balance Bills as required by Section 8.5(b), his or her Total Alleged Underpayment will be limited to $500 for purposes of determining the additional compensation payable to Eligible Settlement Class Members under this Agreement; and (c) for any Eligible Settlement Class Member whose Total Alleged Underpayment is $500 or more and who returns a valid Proof of Claim Form, but provides required documentation of Balance Bills for some but not all of his or her Eligible Partially Allowed OON Professional Claims, his or her Total Alleged Underpayment will be limited to the greater of (a) $500 or (b) the sum of the

28

Alleged Underpayment for each of the Eligible Partially Allowed OON Professional Claims for which he or she returns required documentation of a Balance Bill.

**Determining Each Eligible Settlement Class Member's "Settlement Fund Ratio."**

The Total Alleged Underpayment for each Eligible Settlement Class Member will be used to determine how much (if any) of the remainder of the Total Settlement Fund will be paid to that Eligible Settlement Class Member as additional compensation. Each Eligible Settlement Class Member will receive a *pro rata* share of the remainder of the Total Settlement Fund, calculated based on the ratio of his or her Total Alleged Underpayment to the aggregate of all Total Alleged Underpayments for all Eligible Settlement Class Members. This ratio constitutes the Class Member's "**Settlement Fund Ratio.**" An equation showing the calculation of this ratio is set forth below:

$$Elig. Settlement\ Class\ Member's\ Settlement\ Fund\ Ratio = \frac{Elig. Settlement\ Class\ Member's\ Total\ Alleged\ Underpayment}{Aggregate\ of\ Total\ Alleged\ Underpayment}$$

**Determining Additional Compensation for Each Eligible Settlement Class Member.**

The amount of additional compensation (if any) paid to each Eligible Settlement Class Member will be determined as set forth below.

If the aggregate of all of the Total Alleged Underpayments for all Eligible Settlement Class Members exceeds the remainder of the Total Settlement Fund (after deducting all of the $20 minimum settlement payments and any Settlement Administration Costs payable from the Total Settlement Fund under Section 11), then the amount of each Eligible Settlement Class Member's additional compensation necessarily will be reduced *pro rata*, based on the application of the Eligible Settlement Class Member's Settlement Fund Ratio, as reflected by the following equation:

$$Additional\ Reimbursement\ =\ remaining\ funds\ in\ Total\ Settlement\ Fund \\ \times\ Eligible\ Settlement\ Class\ Member's\ Settlement\ Fund\ Ratio$$

29

The *pro rata* distribution to each Eligible Settlement Class Member (calculated according to the above equation) will be an amount that is up to, but does not exceed, the value of his or her Total Alleged Underpayment.

### 8.6    Distribution and Unclaimed Funds

Unless this Agreement is terminated pursuant to Section 6.3, the Settlement Administrator shall, within thirty (30) Business Days after the Effective Date (the **"Payment Date"**), send by first class mail a check for the share of the Total Settlement Fund that each Settlement Class Member is entitled to receive, calculated as described in this Agreement.

Settlement Class Members must cash checks within 120 days of issuance.  If any Settlement Class Member does not do so, his or her check will be void.  This limitation shall be printed on the face of each check.  The voidance of checks shall have no effect on the Settlement Class Members' release of claims, obligations, representations, or warranties as provided herein, which shall remain in full effect.

A record shall be kept by the Settlement Administrator of all Settlement Class Members whose checks are not cashed within 120 days of issuance.  The proceeds represented by all returned or uncashed checks, and any balance of the Total Settlement Fund that is not otherwise distributed to Settlement Class Members under Section 8 of this Agreement or used to pay for Settlement Administration Costs under Section 11 of this Agreement shall be referred to collectively as "**Unclaimed Funds**."  Any Unclaimed Funds will be distributed to or for the benefit of the Settlement Class Members in a reasonable manner to be agreed to by the Parties.

**9. Escrow Account and Escrow Agent**

**9.1 Escrow Agent**

The "**Escrow Agent**" for the Total Settlement Fund shall be a U.S. bank or other entity recommended by the Settlement Administrator. The Escrow Account shall be administered by the Escrow Agent in the manner set forth in an "**Escrow Agreement**" agreed to and entered into between (a) the Escrow Agent and (b) Defendants counsel and Class Counsel, whereby such agreement shall not be unreasonably withheld. The Escrow Agent shall hold and administer the Total Settlement Fund, including making all disbursements from the Escrow Account, in accordance with this Section 9, the Escrow Agreement, and/or as jointly requested in writing by Class Counsel and Defendants' counsel (on Defendants' behalf), or by an order of the Court. All funds held in the Escrow Account shall be deemed and considered to be in *custodial egis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

**9.2 Qualified Settlement Fund and Taxes**

The Parties agree to treat the Total Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

31

For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Total Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns shall be consistent with this Section and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Total Settlement Fund shall be paid out of the Total Settlement Fund as provided in this Section hereof.

All taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Total Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties or their counsel with respect to any income earned by the Total Settlement Fund for any period during which the Total Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("**Taxes**") shall be paid out of the Total Settlement Fund. (Expenses and costs incurred in connection with the operation and implementation of this paragraph, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Section ("**Tax Expenses**"), shall be deemed Settlement Administrative Costs, payable by Defendants, pursuant to the terms set out in Section 11.) In all events the Released Entities and their counsel shall have no liability or responsibility for the Taxes. The Total Settlement Fund shall indemnify and hold each of the Released Entities and their counsel harmless for Taxes (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes shall be timely paid by the Escrow Agent out of the Total Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated

32

(notwithstanding anything herein to the contrary) to withhold from distribution to Settlement Class Members any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Entities nor their counsel are responsible nor shall they have any liability therefor. The Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section.

      **9.3**    **Return of Money from Escrow Account:**

In the event this Agreement: (i) is not approved; (ii) is terminated, cancelled, or fails to become effective for any reason, including the reasons set forth in Section 6.3; or (iii) is successfully collaterally attacked, the Total Settlement Fund (including accrued interest) less amounts actually incurred or due and owing for Taxes pursuant to Section 9.2 shall be refunded to Defendants within ten (10) Business Days pursuant to written instructions from Defendants' counsel.

## 10.    <u>Attorneys' Fees and Incentive Awards</u>

Class Counsel will apply to the Court for reasonable Attorneys' Fees (including litigation costs), payable by Defendants, in an amount not to exceed $350,000. Class Counsel also will seek Court approval of an incentive award in the amount of $5,000, payable by Defendants, to each of the two Settling Plaintiffs. Defendants will not oppose any application for payment of Attorneys' Fees to Class Counsel up to the amounts in this Section. Attorneys' Fees and incentive award payments consistent with this paragraph that are approved by the Court shall be paid by the Defendants within thirty (30) Business Days of the Effective Date and receipt of applicable tax documents (i.e., Form W-9) for Settlement Class Counsel and Settling Plaintiffs.

33

The Parties agree that the Court's failure to approve, in whole or in part, Class Counsel's application for Attorneys' Fees and/or an incentive award to the Settling Plaintiffs shall not prevent the Settlement Agreement from becoming Effective, nor shall it be grounds for termination.

Class Counsel shall determine the appropriate allocation of Attorneys' Fees among themselves, in their collective judgment and discretion, based on the expenses incurred and the contributions of counsel.

## 11.     Notice and Administration Costs

Defendants agree to pay the Settlement Administrator, defined in Section 1.41 herein, reasonable Settlement Administration Costs not to exceed $100,000.  Defendants will make arrangements for the provision of such payment with the Settlement Administrator directly, including advanced receipt of applicable tax documents (i.e., Form W-9).  Settling Plaintiffs and Class Counsel shall not be responsible for any expenses in providing notice or administering the Settlement.  If the reasonable Settlement Administration Costs exceed $100,000, any such costs in excess of $100,000 shall be paid from the Total Settlement Fund.

## 12.     The Settlement Administrator

### 12.1     Selection and Responsibilities of Settlement Administrator

The Settlement Administrator, subject to the supervision, direction and approval of the Court, shall be responsible for the administration of the Total Settlement Fund.  The responsibilities of the Settlement Administrator shall expressly include without limitation: (a) the determination of the eligibility of any Settlement Class Member to receive payment from the Total Settlement Fund and the amount of payment to be made to each Settlement Class Member, in accordance with the Agreement; (b) the filing of any tax returns necessary to report any

34

income earned by the Total Settlement Fund and the payment from the Total Settlement Fund, as and when legally required, of any tax payments (including interest and penalties) due on income earned by the Total Settlement Fund and to request refunds, when and if appropriate, with any such tax refunds that are issued to become part of the Total Settlement Fund; and (c) the compliance by the Total Settlement Fund with any other applicable law.

### 12.2    No Liability

The Parties shall have no liability with respect to the investment or distribution of the Total Settlement Fund, the determination or administration of taxes, or any losses incurred in connection with the Total Settlement Fund.

### 12.3    No Claims

No Person shall have any claim against Settling Plaintiffs, Class Counsel, Plaintiffs' Counsel, the Defendants, Defendants' counsel, the Settlement Administrator, or the Escrow Agent, based on distributions from the Total Settlement Fund made substantially in accordance with this Agreement or further orders from the Court.

### 12.4    Reporting Requirements

On each Friday after the Notice Date and through the Opt-Out Deadline, the Settlement Administrator shall furnish to the Parties: (a) a complete list in machine-readable form of all Opt-Out requests received by the Settlement Administrator by that date; and (b) to the extent not already provided, copies of each actual request to Opt-Out.  Within fifteen (15) Business Days after the Opt-Out Deadline ("**Settlement Administrator Report Date**"), the Settlement Administrator shall furnish the Parties with: (a) a complete list in machine-readable form of all Opt-Out requests (including, at a minimum, the name and address for each Plan Member otherwise included in the Settlement Class who has filed a request to Opt-Out); (b) copies of

35

each actual request to Opt-Out; (c) a statement of the total number of Mailed Notices mailed and the total number of Opt-Out requests received; (d) information regarding determinations of the number of Settlement Class Members eligible for payment and the total amount of such eligible payments; and (e) upon request, other such information as the Parties may need to facilitate approval of the Settlement.  At the same time, the Settlement Administrator shall furnish a sworn affidavit to the Parties regarding its execution of Mailed Notice pursuant to this Agreement.

**13.    Release**

**13.1    Release of Claims**

Upon the Effective Date, for good and valuable consideration received from the Defendants, the receipt and sufficiency of which are hereby acknowledged, the Releasing Parties hereby unconditionally, fully, and finally release and forever discharge and relinquish the Released Claims, whether or not any such Releasing Party seeks or receives payment under the terms of the Settlement Agreement.

**13.2    Waiver of California Civil Code Section 1542 and Comparable Law**

With respect to all Released Claims, the Releasing Parties agree that, upon the Effective Date, they are waiving any and all provisions, rights, and benefits conferred by California Civil Code § 1542, or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Releasing Parties are aware that they may, after the date of this Agreement, discover claims or facts in addition to or different from those they now know or believe to be true with respect to the Released Claims. Nevertheless, it is the intention of the Parties to fully, finally, and forever settle and release all Released Claims, including those that are presently unknown or unanticipated, and each Releasing Party hereby expressly waives and fully, finally, and forever settles and releases, upon the entry of the Final Order and Judgment, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that is the subject matter of this Litigation, whether or not concealed or hidden, without regard to the discovery or existence of such different or additional facts.

### 13.3 Additional Mutual Releases

(a) Upon the Effective Date, each of the Released Parties shall be deemed to have fully, finally, and forever released, discharged, and extinguished all Plaintiffs, Plaintiffs' Counsel, and all Settlement Class Members, and their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents, members, and all individuals and entities subject to potential liability by or through the actions or inactions of any of the foregoing and all individuals or entities who, by or through their actions or inactions potentially subject any of the foregoing to liability, each of the foregoing solely in their capacity as such, and the ancestors, spouses, descendants, predecessors, successors, heirs, and assigns of each, from all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims; provided, however, that such release does not include claims for breach of this Settlement Agreement, nor does it include all claims, rights or causes of action or liabilities whatsoever

37

related to the enforcement of the Settlement, including, without limitation, any of the terms of this Agreement or orders or judgments issued by the courts in connection with the Settlement.

(b)     In addition to the Release provided in Sections 13.1 and 13.2 above, upon the Effective Date, each of the Releasing Parties shall be deemed to have fully, finally, and forever released, discharged, extinguished Defendants, Defendants' Counsel, their respective present and former parents, subsidiaries, divisions, and affiliates, the present and former partners, employees, officers and directors of each of them, the present and former attorneys, accountants, experts, consultants, insurers, and agents, members, and all individuals and entities subject to potential liability by or through the actions or inactions of any of the foregoing and all individuals or entities who, by or through their actions or inactions potentially subject any of the foregoing to liability, each of the foregoing solely in their capacity as such, and the predecessors, successors, heirs, and assigns of each, from all claims based upon or arising out of the institution, prosecution, assertion, defense, settlement, and/or resolution of the Litigation or the Released Claims; provided, however, that such release does not include claims for breach of this Agreement, nor does it include all claims, rights or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of this Agreement or orders or judgments issued by the courts in connection with the Settlement.

## 14.     <u>Covenant Not to Sue or Continue Suit</u>

Upon the Effective Date, each Releasing Party shall be deemed to have covenanted and agreed not to sue or prosecute, institute or cooperate in the institution, commencement, filing or prosecution of any lawsuit, arbitration or other proceeding with respect to, or assert, against any Released Parties, in any forum, any Released Claim.

## 15.    <u>Non-Disparagement</u>

The Parties, Class Counsel and Defendants' counsel agree not to make any public statements, verbal or written, including in social media, or to cause or encourage any other person to make any such public statements, that (a) defame, disparage, or in any way criticize the personal or business reputation, practices, or conduct of the Parties, or (b) accuse the Parties, or any of them, of any wrongdoing regarding this Settlement or the subject matter thereof (provided, however, that the latter does not include claims for breach of this Agreement). The Parties acknowledge and agree that this prohibition extends to non-privileged statements, written and verbal, made to anyone, including but not limited to, the news media, investors, potential investors, any board of directors or advisory board of directors, industry analysts, competitors, strategic partners, vendors, employees (past and present), and clients.

## 16.    <u>Stay and Bar Order</u>

Until the Preliminary Approval Date, and issuance of an Order including a stay of discovery or other litigation efforts in the Litigation, the Settling Plaintiffs and Class Counsel covenant and agree that neither Settling Plaintiffs nor Class Counsel shall pursue any litigation proceedings against the Released Parties; the Defendants shall not pursue litigation proceedings against the Releasing Parties; and the Parties and their respective counsel shall not in any way subsequently argue that the Released Parties or the Releasing Parties have failed to comply with their litigation obligations in any respect by reason of the Released Parties' and Releasing Parties' suspension of litigation efforts following the execution of this Agreement. Upon entry of the Preliminary Approval Order, all proceedings in the Litigation, other than the proceedings necessary to carry out the terms and conditions of this Agreement, shall be stayed and suspended until further notice of the Court. The Preliminary Approval Order also shall bar and enjoin all

39

Settlement Class Members from commencing, prosecuting, or assigning the right to do so, any action asserting any Released Claims against any Released Parties.

17.  **Irreparable Harm**

The Parties agree that a Party shall suffer irreparable harm if any other Party takes action inconsistent with Sections 13, 14, 15, and 16, and that in that event, the aggrieved Party may seek an injunction from the Court as to such action without a further showing of irreparable harm and without the need to post any bond (or, if a bond is required by controlling law, without the need to post anything more than a nominal bond).

18.  **Dismissal With Prejudice**

No later than fourteen (14) Days after the Effective Date, the Settling Parties and Class Counsel shall take all steps necessary to dismiss the Litigation with prejudice.  It is the Parties' intention that such dismissal shall constitute a final judgment on the merits to which the principles of *res judicata* shall apply to the fullest extent of the law as to the Released Parties.

19.  **Force Majeure**

The Parties shall not be liable for any delay or non-performance of their obligations under this Agreement arising from any act of God, governmental act, act of terrorism, war, fire, flood, earthquake, explosion, or civil commotion.  The performance of the Parties' obligations under this Agreement, to the extent affected by such delay, shall be suspended for the period during which the cause, or the Parties' substantial inability to perform arising from the cause, persists.

20.  **Not Evidence; No Admission of Liability**

The Parties agree that in no event shall this Agreement, in whole or in part, whether effective, terminated, or otherwise, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be construed as, offered as, received as, used as or deemed

to be evidence of any kind in the Litigation, in any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Agreement. Without limiting the foregoing, neither this Agreement nor any related negotiations, statements or proceedings shall be construed as, offered as, received as, used as or deemed to be evidence, or an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of any of the Parties, or as a waiver by any of the Parties of any applicable defense, including without limitation any applicable statute of limitations. None of the Parties waives or intends to waive any applicable attorney-client privilege or work product protection for any negotiations, statements or proceedings relating to this Agreement. The Parties agree that this Section 20 shall survive the termination of this Agreement pursuant to the terms hereof.

21. **Entire Agreement**

This Agreement, including its Exhibits, contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the Settling Plaintiffs and Class Counsel, on the one hand, and the Defendants, on the other hand; it is not subject to any condition not provided for herein. This Agreement supersedes any prior agreements or understandings, whether written or oral, between and among the Settling Plaintiffs and Class Counsel, on the one hand, and the Defendants, on the other hand, regarding the subject matter of the Litigation or this Agreement. This Agreement shall not be modified in any respect except by a writing executed by all the Parties and approved by the Court.

22. **No Presumption Against Drafter**

None of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof. This

41

Agreement was drafted with substantial input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein.

23. **Exclusive and Continuing Jurisdiction and Venue**

The United States District Court for the Eastern District of Wisconsin shall retain exclusive and continuing jurisdiction and authority over this Litigation until this Agreement and the Settlement and all transactions contemplated herein are completed, and thereafter for the purpose of construing and enforcing this Agreement and any relief hereunder. The Parties (including each Settlement Class Member) hereby consent to the exclusive jurisdiction and venue of the United States District Court for the Eastern District of Wisconsin for any suit, action, proceeding, case, controversy, or dispute arising from or relating in any manner to this Agreement and exhibits hereto and the negotiation, performance or breach of same, and irrevocably waive and agree not to assert, by way of motion or otherwise, any claim or objection that they are not subject to the jurisdiction of such Court or that such Court is in any way an improper venue or inconvenient forum.

In the event of a case, controversy, or dispute arising out of the negotiation of, approval of, performance of, or breach of this Agreement, the Parties hereby agree to pay, and the Court is authorized to award, attorneys' fees and costs to the prevailing party.

Furthermore, the Parties shall jointly request the Court to include the provisions of this Section in its Final Order and Judgment approving this Agreement.

24. **Counterparts**

This Agreement may be executed in counterparts, each of which shall constitute an original. Facsimile signatures shall be considered valid signatures as of the date hereof, although the original signature pages may thereafter be appended to this Agreement.

**25.** **Divisions and Headings**

The division of this Agreement into sections and subsections and the use of captions and headings in connection herewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

**26.** **Singular and Plural**

Unless the context of this Agreement clearly requires otherwise, references to the plural shall include the singular, and the singular the plural.

**27.** **Waiver**

The provisions of this Agreement may be waived only by an instrument in writing executed by the waiving party. The waiver by any Party of any breach of this Agreement shall not be deemed to be or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, to this Agreement.

**28.** **No Third-Party Beneficiaries**

Except as otherwise specified herein, nothing in this Agreement is intended, nor shall it in any way be construed, to create or convey any rights in or to any Person other than the Parties (including the Settlement Class Members).

**29.** **Governing Law**

The Parties agree that, with respect to disputes arising between and among the Parties with respect to this Agreement, this Agreement shall be governed by and construed in accordance with ERISA or by the substantive laws of the State of Wisconsin (without regard to its choice of law rules ) to the extent ERISA is not preemptive.

**30.**    <u>**Termination Date of Agreement**</u>

This Agreement shall terminate (the "**Termination Date**") upon the earlier to occur of (i) termination of this Agreement pursuant to the terms in Section 6.3, and (ii) the one year anniversary of the Effective Date.  Effective on the Termination Date, the provisions of this Agreement shall immediately become void and have no further force or effect and there shall be no liability under this Agreement on the part of any of the Parties, except for willful or knowing breaches of this Agreement prior to the time of such termination; provided that in the event of a termination of this Agreement as contemplated by clause (ii) of this Section, the provisions of Sections 7, 13, 14, 15, 16, 17, 18, and 23  shall survive such termination indefinitely.

**31.**    <u>**Acknowledgement**</u>

By the signature affixed hereto, each Party acknowledges that it, he, or she has read this Agreement, fully understands the agreements, representations, covenants, obligations, conditions, warranties, releases, and terms contained herein, and has had the advice of counsel pertaining thereto, prior to the time of execution.

**32.**    <u>**Authority**</u>

Each Person signing this Agreement on behalf of a Party represents and warrants that he or she has all requisite power and authority to enter into this Agreement and to implement the transactions contemplated herein, and is duly authorized to execute this Agreement on behalf of that Party.

44

EXECUTED and DELIVERED

**CLASS COUNSEL**

_____

Douglas P. Dehler
Christa D. Wittenberg
O'NEIL, CANNON, HOLLMAN, DEJONG & LAING S.C.

John B. Tuffnell
TUFFNELL LAW S.C.

On Behalf of Themselves and Settlement Class Members

Dated:_____9/1/17_____

EXECUTED and DELIVERED

**SETTLING PLAINTIFFS**

_____
Brenten George

_____
Denise Valente-McGee

EXECUTED and DELIVERED

**DEFENDANTS**

_____
Briana L. Black
E. Desmond Hogan
HOGAN LOVELLS US LLP

Bartholomew F. Reuter
FOLEY & LARDNER LLP

On Behalf of Themselves and Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield

Dated: _____August 31, 2017_____

EXECUTED and DELIVERED

**DEFENDANTS**

Patrick J. Murphy
Alexandra W. Shortridge
Paul Parrish
QUARLES & BRADY LLP

On Behalf of Themselves and CNH Health & Welfare Plan, n/k/a CNH Industrial U.S. Health and Welfare Plan, CNH Employee Group Insurance Plan, and Case New Holland, Inc. n/k/a Case New Holland Industrial, Inc.

Dated: 8/31/2017

**EXHIBIT A**

**CLAIM FORM**

| **Must be Postmarked On or Before Xxxxxxxxx xx, 2017** | *George et al. v. CNH Health & Welfare Benefit Plan et al., No. 2:16-cv-01678-JPS*<br>U.S. District Court<br>for the Eastern District of Wisconsin | For Official Use Only |
|---|---|---|

**IT IS VERY IMPORTANT THAT YOU READ THE ENCLOSED NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION.**

As explained more fully in the enclosed Notice of Proposed Settlement of Class Action, you are receiving this Claim Form because you are eligible to receive additional compensation under the Settlement (more than the minimum $20 payment to which you and every other Settlement Class Member is entitled), and **the potential value of your claim for additional compensation is $500 or more.**

To receive the maximum payment for which you are eligible,[1] you must complete the form attached here and submit it, along with the required documentation of one or more Balance Bills (e.g., an invoice from your out-of-network provider) for out-of-network medical services you received between August 2010 and the present, to the Settlement Administrator at the address below by the above deadline.

**IF YOU HAVE QUESTIONS ABOUT HOW TO COMPLETE THIS CLAIM FORM, WHAT ADDITIONAL DOCUMENTATION TO PROVIDE, OR WHICH SPECIFIC MEDICAL SERVICES ARE AT ISSUE, PLEASE CONTACT THE SETTLEMENT ADMINISTRATOR AT [TOLL FREE NUMBER].**

\*       \*       \*       \*       \*

---

[1] Payments will only be made if the Court finally approves the Settlement and any appeals are resolved. Payments will be subject to pro rata reduction, as described in Section 8.5(c) of the Settlement Agreement.

Case 2:16-cv-01678-JPS   Filed 09/01/17   Page 53 of 92   Document 31-1

**PLEASE REVIEW AND COMPLETE THIS ENTIRE CLAIM FORM AND MAIL IT ALONG WITH THE REQUIRED DOCUMENTATION TO:**

*George et al. v. CNH Health & Welfare Benefit Plan et al.*
**c/o XXXXXXXXXX**
**P.O. Box XXXXX**
**XXXXXXXXXXXXXXXXXXXX**

**SUBMIT WITH THIS CLAIM FORM A COPY OF <u>ONE</u> OF THE FOLLOWING FORMS OF VALID DOCUMENTATION OF A BALANCE BILL OR BALANCE BILLS:**

1. a copy of the Balance Bill(s) (i.e. a bill, invoice, written demand for payment, or debt collection letter) for one or more Eligible Partially Allowed OON Professional Claim(s) from an Out-of-Network Provider;[2] or

2. a cancelled check, credit card statement, or other receipt showing your payment of the Balance Bill(s) together with an "Explanation of Benefits" or other document showing the name of the patient, date of service, and name of the out-of-network provider who provided the Covered Professional Services resulting in the Eligible Partially Allowed OON Professional Claim(s).

Please make sure that the documentation you submit contains at a minimum (a) the name of the patient, (b) the date of service, (c) the name of the out-of-network medical provider, and (d) the amount of the Balance Bill(s) or the amount(s) of your payment(s) to your out-of-network medical provider(s). If the documentation you submit does <u>not</u> include the foregoing information, please list it below:

_____

_____

_____

       <u>**Again, if you have any questions about how to complete this form, what information is needed to document a Balance Bill, or the specific medical services that are at issue, PLEASE CONTACT THE SETTLEMENT ADMINISTRATOR AT [TOLL FREE NUMBER].**</u>

---

[2] Please refer to Pages 8 and 9 of the Notice of Proposed Settlement of Class Action for the definitions of the following terms:

       Out-of-Network Provider

       Balance Bill

       Eligible Partially Allowed OON Professional Claim

Finally, please read the following attestation, fill in the blanks and sign below. **If you do not sign the form where indicated below, your Claim Form will not be valid.**

**I declare under penalty of perjury that I am authorized to sign this Claim Form, either because I am the Claimant identified below or because I have the legal authority to sign this Claim Form on behalf of the Claimant identified below, and the information I have provided in this Claim Form is true and correct, to the best of my knowledge.**

Name of Participant/Beneficiary (i.e., Claimant): _____

Claimant's Member ID or Social Security Number: _____

Telephone Number (in case the Settlement Administrator needs to contact you): _____

Signature:_____        Date:_____

If the Person signing this form is <u>not</u> the Claimant listed above, the Person signing this form should print their name below and describe their relationship to the Claimant (e.g., parent):

_____

## EXHIBIT B

**Settlement Class Counsel**

Douglas P. Dehler
Christa Wittenberg
O'NEIL CANNON HOLLMAN DEJONG & LAING, S.C.
111 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Doug.Dehler@wilaw.com
Christa.Wittenberg@wilaw.com

John B. Tuffnell
TUFFNELL LAW S.C.
790 N. Milwaukee Street, Suite 200
Milwaukee, WI 53202
Telephone: (414) 550-2296
Facsimile: 414-437-9240
jbt@tuff-law.com

**EXHIBIT C**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BRENTEN GEORGE and DENISE VALENTE-MCGEE, individually and on behalf of similarly situated individuals, | |
| Plaintiffs | Case No. 16-CV-1678-JPS |
| v. | |
| CNH HEALTH & WELFARE BENEFIT PLAN, CNH EMPLOYEE GROUP INSURANCE PLAN, CASE NEW HOLLAND, INC., and BLUE CROSS BLUE SHIELD OF WISCONSIN, | **PRELIMINARY APPROVAL ORDER** |
| Defendants. | |

The Court having reviewed and considered the unopposed Motion for Preliminary Approval of Settlement pursuant to Fed. R. Civ. P.23(e), having reviewed and considered the terms and conditions of the proposed settlement (the "Settlement") as set forth in the Final Settlement Agreement dated August 28, 2017 including all Exhibits thereto (the "Settlement Agreement"), a copy of which has been submitted with the Motion, and on the basis of such submissions, together with any other submissions by the parties in support of the motion, and all prior proceedings in this litigation, and finding that substantial and sufficient ground exist for entering this Order,

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.    This order (the "Preliminary Approval Order") incorporates herein, and makes a part hereof, the Settlement Agreement, its definitions, and its Exhibits thereto.  Unless otherwise

1

provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

2.     The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Settlement Hearing provided for below. The Court preliminarily finds that the Settlement is fair, reasonable and adequate, warranting conditional certification of the Settlement Class, the scheduling of the Settlement Hearing and the circulation of notice to potential Settlement Class Members, each as provided for in this Order.

3.     All other proceedings in the Litigation are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement or other order of the Court. No discovery with regard to the Litigation, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, and in further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all potential Settlement Class Members are hereby preliminarily barred and enjoined under Federal Rule of Civil Procedure 65 from commencing or prosecuting any action or proceeding asserting any of the Released Claims in any court. All deadlines, hearings and other proceedings in this Litigation, except the Settlement Hearing, are hereby taken off the calendar.

Conditional Certification of the Settlement Class

4.     For purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, namely that the proposed Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; Settling Plaintiffs' claims are typical of the

Settlement Class's claims; there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     For purposes of settlement only, the following class ("Settlement Class") is conditionally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> Persons who are or were Plan Members[1] who, at any time from August 1, 2010 through the Date of Preliminary Approval, received Covered Professional Services from an Out-of-Network Provider that were Partially Allowed and: (i) whose claims for reimbursement under the Plan for such services were submitted on or before the Preliminary Approval Date, or (ii) who have received notice of this Agreement before the Settlement Hearing Date.

The Settlement Class will exclude those potential members who have properly excluded themselves (i.e., Opt-Out) of the Settlement Class in accordance with the procedures approved by the Court.  Also excluded from the Settlement Class are: (1) Defendants and any current and former Subsidiaries, divisions, Affiliates, predecessors, insurers, assignees, and successors-in-interest; (2) any judge who presides or has presided over the Litigation, together with his/her immediate family members and any other individual residing in the judge's household; (3) and (3) the United States and/or State governments and their agencies and departments.

6.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of Settlement only, Settling Plaintiffs, Brenten George and Denise Valente-McGee, are preliminarily appointed as representatives of the Settlement Class ("Class Representatives").

---

[1]      As defined in the Settlement Agreement, Plan Members are participants and/or beneficiaries enrolled in or otherwise covered under the CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health and Welfare Plan, and the CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009) (the "Plan").

3

7.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of Settlement only, Douglas P. Dehler and Christa Wittenberg of O'Neil Cannon Hollman DeJong & Laing, S.C. and John B. Tuffnell of Tuffnell Law S.C are appointed and designated as counsel for the Settlement Class ("Settlement Class Counsel").  Settlement Class Counsel is authorized to act on behalf of the Class Representatives and the Settlement Class, with respect to all acts or consents required by or that are reasonably necessary to consummate the Settlement.

Form and Timing of Notice

8.     As soon as practicable, but no later than one hundred twenty (120) days after this Preliminary Approval Order is entered (the "Notice Date"), the Settlement Administrator shall cause copies of the Notice of Proposed Settlement of Class Action in the form attached as Exhibit E to the Settlement Agreement (the "Mailed Notice"), the form of which is hereby approved, to be mailed by first-class mail, postage prepaid to all potential Settlement Class Members at the addresses identified by reasonable efforts as set forth in the Settlement Agreement.  The Court specifically approves the Parties' proposal (1) to be jointly responsible for identifying names and addresses of potential Settlement Class Members and to cooperate with each other and the Settlement Administrator to make such identifications and determinations; and (2) for Defendants to take reasonable steps to provide from their own records, at their own expense, information from which a list of potential Settlement Class Members can be identified for the Mailed Notice.  The Settlement Administrator shall also cause copies of the claim form attached as Exhibit A to the Settlement ("Claim Form"), the form of which is hereby approved, to be included with the Mailed Notice sent to those potential Eligible Settlement Class Members identified in the Claims Data Analysis as having claims for compensation under the Settlement valued at $500 or more.

4

9.     The Mailed Notice, Claim Form and Settlement Agreement shall also be placed on the website created for this Settlement on or before the Notice Date.

10.     The Court approves the form, substance and requirements of the Mailed Notice and Claim Form, and finds that the procedures established for mailing and distribution of the Mailed Notice and Claim Form substantially in the manner and form set forth in Paragraph 8 of this Preliminary Approval Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and any other applicable law, and constitute the best notice practicable under the circumstances.

11.     Costs of providing the Notice to the Settlement Class that is specified in this Preliminary Approval Order shall be paid as set forth in the Settlement Agreement.

12.     No later than 21 calendar days prior to the Settlement Hearing, Settlement Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the Settlement Administrator, showing that such mailing has been made in accordance with this Preliminary Approval Order.

Settlement Hearing: Right to be Heard

13.     The Court will hold a settlement hearing (the "Settlement Hearing") on _____, in the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Ave., Courtroom 425, Milwaukee, Wisconsin, for the following purposes: (a) to determine whether the Court should grant final certification of the Settlement Class solely for purposes of settlement; (b) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (c) to determine whether the Judgment, in substantially the form attached as Exhibit D to the Settlement Agreement, should be entered, inter alia, dismissing the Litigation with prejudice and

5

releasing the Released Claims against the Released Parties; (d) to rule upon Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; (e) to rule upon Settlement Class Counsel's request for an award of incentive payments to the Class Representatives; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

14. The Settlement Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

15. Settlement Class Members wishing to object to the proposed Settlement and/or be heard at the Settlement Hearing shall follow the following procedures.

(a) To object, a Settlement Class Member, individually or through counsel, must file a written objection with the Clerk, and must also serve a copy thereof upon the following, no later than 60 days after the Notice Date (the specific date for which shall be identified in the Mailed Notice):

Class Counsel (on behalf of themselves and on behalf of Settling Plaintiffs and Settlement Class Members):

Douglas P. Dehler
Christa Wittenberg
O'NEIL CANNON HOLLMAN DEJONG & LAING, S.C.
111 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Doug.Dehler@wilaw.com
Christa.Wittenberg@wilaw.com

John B. Tuffnell
TUFFNELL LAW S.C.
790 N. Milwaukee Street
Suite 200
Milwaukee, WI 53202
Telephone: (414) 550-2296
Facsimile: 414-437-9240
jbt@tuff-law.com

6

Case New Holland, Inc. n/k/a Case New Holland Industrial, Inc., and the Plan:

Patrick J. Murphy
Alexandra W. Shortridge
Paul Parrish
QUARLES & BRADY LLP
411 East Wisconsin Avenue Suite 2400
Milwaukee, WI 53202-4426
Telephone: (414) 277-5459
Facsimile: (414) 978-8617
patrick.murphy@quarles.com
alexandra.shortridge@quarles.com
paul.parrish@quarles.com

Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross Blue Shield:

| | |
|---|---|
| Briana L. Black | Bartholomew F. Reuter |
| E. Desmond Hogan | FOLEY & LARDNER LLP |
| HOGAN LOVELLS US LLP | 777 East Wisconsin Avenue |
| 555 Thirteenth Street, NW | Milwaukee, WI 53202 |
| Washington, DC 20004 | Telephone: (414) 297-5826 |
| Telephone: (202) 637-5600 | Facsimile: (414) 297-4900 |
| Facsimile: (202) 637-5910 | breuter@foley.com |
| desmond.hogan@hoganlovells.com | |
| briana.black@hoganlovells.com | |

(b)     The written objection must include (i) the Settlement Class Member's full name, address, and telephone number; (ii) the basis for the objection(s), including all factual and legal grounds in support of the objection, together with any documentation the Settlement Class Member filing the objection wishes the Court to consider; and (iii) the name of any lawyer who represents the Settlement Class Member, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement.

(c)     Any Settlement Class Member who files and serves a written objection by the deadline stated in this paragraph of this Order may also appear at the Settlement Hearing, to the extent permitted by the Court, either in person or through an attorney

hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. He or she must file and serve a letter stating it is his or her "Notice of Intention to Appear in *George et al. v. CNH Health & Welfare Benefit Plan et al.*" no later than 60 days after the Notice Date (the specific date to be identified in the Mailed Notice). Any attorney representing a Settlement Class Member for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(d) Any Settlement Class Member who does not timely file and serve a written objection and Notice of Intention to Appear, shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

(e) Any Settlement Class Member who does not make his or her objection in the matter provided for herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the Settlement (whether by appeal or otherwise). The manner in which a notice of objection shall be filed and served shall be stated in the Notice. By objecting to the Settlement or otherwise requesting to be heard at the Settlement Hearing, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the member's objection or request to be heard.

16. If approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Settlement Agreement, and by all determinations and judgments concerning the Settlement or affecting the Settlement Class, whether favorable or unfavorable to the Settlement Class.

Request for Exclusion from the Settlement Class

17.    Any potential member of the Settlement Class who elects not to participate in the Settlement (*i.e.*, "Opt-Out") must submit a written request to Opt-Out that is postmarked no later than 60 days after the Notice Date ("Opt-Out Deadline," the specific date for which shall be identified in the Mailed Notice).  Any such person who wishes to Opt-Out must provide: (a) the name, address and federal social security number or tax identification number of the person requesting to Opt-Out; and (b) a statement that the person wishes to be excluded (i.e., Opt-Out) of the Settlement Class.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusions has been timely submitted. The Settlement Administrator shall compile a list of all Opt-Outs to be filed with the Court no later than 21 days before the Settlement Hearing.  All persons who submit valid and timely requests to Opt-Out in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in distribution of the Total Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

18.    Any potential Settlement Class Member failing to properly and timely mail such a written request to Opt-Out shall be automatically included in the Settlement Class, whether or not he or she objected to the Settlement, and shall be bound by all the terms and provisions of the Settlement Agreement, and Final Order and Judgment, including but not limited to the release of Released Claims against Released Parties provided for in the Settlement Agreement and the Judgment, if the Court grants final approval to the Settlement.

Claims Process

19.    As set forth in the Settlement Agreement, by choosing not to Opt-Out of the Settlement Class, each and every Settlement Class Member shall be deemed to have submitted a

claim for compensation under the Settlement for the amount which they are eligible under the terms of the Settlement Agreement.

20.     If the Court enters final approval of the Settlement Agreement, each Settlement Class Member will receive not less than $20 pursuant to this Settlement.

21.     In addition, Eligible Settlement Class Members (as defined in the Settlement Agreement) are eligible to receive additional compensation (above the $20 minimum payment) under the Settlement up to the value of their claim for compensation as determined in accordance with the terms of the Settlement Agreement.  Pursuant to the Settlement Agreement, Eligible Settlement Class Members with a claim for compensation valued at $500 or less under the Settlement are not required to submit any proof of claim or other documentation to support a request for additional compensation. Any Eligible Settlement Class Member whose claim for additional compensation under the Settlement is valued at more than $500 must complete and submit a Claim Form and provide required documentation in accordance with the instructions in the Mailed Notice and the Claim Form if he or she wishes to seek additional compensation based on the full value of the claim (in excess of $500).  To be valid and timely, Claims Forms and required documentation submitted in connection with this Settlement must be postmarked no later than 60 days after the Notice Date ("Claims Submission Deadline," the specific date for which shall be identified in the Mailed Notice).

Settlement Administrator

22.     The Court hereby appoints Garden City Group, LLC ("GCG") as the Settlement Administrator. Responsibilities of the Settlement Administrator including the following without limitation: (a) obtaining requisite data for, and disseminating the Mailed Notice to potential Settlement Class Members; (b) attesting that such mailing has been made in accordance with this

10

Preliminary Approval Order and providing any other information relevant to the mailing of notice; (c) establishing a toll-free telephone line and responding to telephonic and written requests and other inquiries from potential Settlement Class Members; (d) establishing a website for purposes of posting the Mailed Notice, Settlement Agreement and related documents; (e) accepting and maintaining documents sent from the potential Settlement Class Members including Claim Forms, requests to Opt-Out, and other documents relating to claims administration; (f) submitting to Class Counsel and counsel for Defendants prior to the Settlement Hearing a list setting forth the names and addresses of each Plan Member who would otherwise be a member of the Settlement Class who has validly and timely elected to Opt-Out from the Settlement Class; (g) administering claims (submitted and deemed submitted) for payment, in accordance with the terms of the Settlement Agreement, including determining amounts to be paid; and (h) all other responsibilities designated to the Settlement Administrator in the Settlement Agreement.

Other Provisions

23.     As set forth in the Settlement Agreement, nothing in this Preliminary Approval Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

24.     If, for any reason, the Settlement Agreement is terminated pursuant to the provisions in section 6.3 of the Settlement Agreement, the Parties fail to obtain a Final Order and Judgment as contemplated by the Settlement Agreement, or final approval of the Settlement is reversed, vacated or modified in any material respect, this Preliminary Approval Order shall be

11

void, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Settlement Class Counsel shall be void and of no further effect, and the Parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any right or legal argument that any of the Parties to the Settlement Agreement might have had but for the Settlement Agreement, all of which are reserved. In such event, no reference to the Settlement Agreement, Settlement Class or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Litigation or any action or proceeding.

Dated at Milwaukee, Wisconsin, this __ day of September, 2017.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge

12

**EXHIBIT D**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BRENTEN GEORGE and DENISE VALENTE-MCGEE, individually and on behalf of similarly situated individuals, | Case No. 16-CV-1678-JPS |
| Plaintiffs | |
| v. | |
| CNH HEALTH & WELFARE BENEFIT PLAN, CNH EMPLOYEE GROUP INSURANCE PLAN,  CASE NEW HOLLAND, INC., and BLUE CROSS BLUE SHIELD OF WISCONSIN, | **FINAL ORDER AND JUDGMENT** |
| Defendants. | |

This matter came before the Court for hearing pursuant to the Order of this Court, dated _____ ("Preliminary Approval Order," ECF No. __), on application of Settling Plaintiffs for approval of the Settlement Agreement incorporated into the Preliminary Approval Order.  Full and adequate notice having been given to the Settlement Class as required in the Court's Preliminary Approval Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     This Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meaning as in the Settlement Agreement.

2.     The Court has jurisdiction over the subject matter of this Litigation and all related matters and personal jurisdiction over all parties to the Litigation including the Settling Plaintiffs, Settlement Class Members, and the Defendants.

Class Notice

3.     Pursuant to the Preliminary Approval Order, a Mailed Notice, substantially in the form attached as Exhibit E to the Settlement Agreement, and related materials described therein, were sent to the potential Settlement Class Members.  These papers informed the potential Settlement Class Members of the terms of the Settlement, their right to a share of the Settlement Fund, their right to object to the Settlement or elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Settlement Hearing and be heard regarding approval of the Settlement.  The Mailed Notice was provided with ample time for the potential Settlement Class Members to follow these procedures.  The Settlement Administrator also established a website posting the Mailed Notice, Settlement Agreement and related documents, and a toll-free telephone line was established by the Settlement Administrator for responding to requests or other inquiries from potential Settlement Class Members.

4.     The Court finds that this notice procedure afforded adequate protections to potential Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of potential Settlement Class Members.  The Court finds that the notice provided in this case constituted the best notice practicable, which fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.  All potential Settlement Class Members who have not timely excluded themselves from the Settlement Class have irrevocably submitted

2

to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute relating in any way to, or arising out of the Released Claims, the Settlement Agreement, or this Final Order and Judgment. In addition, all potential Settlement Class Members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

Final Certification of the Settlement Class and Approval of the Settlement

5. For settlement purposes only, the provisionally certified class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> Persons who are or were Plan Members[1] who, at any time from August 1, 2010 through the Date of Preliminary Approval, received Covered Professional Services from an Out-of-Network Provider that were Partially Allowed and: (i) whose claims for reimbursement under the Plan for such services were submitted on or before the Preliminary Approval Date, or (ii) who have received notice of this Agreement before the Settlement Hearing Date.

The Settlement Class excludes those potential members who have properly excluded themselves (i.e., Opt-Out) from the Settlement Class (identified in Exhibit 1 hereto). Also excluded from the Settlement Class are: (1) Defendants and any current and former Subsidiaries, divisions, Affiliates, predecessors, insurers, assignees, and successors-in-interest; (2) any judge who presides or has presided over the Litigation, together with his/her immediate family members and any other individual residing in the judge's household; and (3) the United States and/or State governments and their agencies and departments.

6. The certification of the Settlement Class is non-precedential and without prejudice to Defendants' rights under the Settlement Agreement if the Settlement Agreement and this Final

---

[1] As defined in the Settlement Agreement, Plan Members are participants and/or beneficiaries enrolled in or otherwise covered under the CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health and Welfare Plan, and the CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009) (the "Plan").

3

Order and Judgment do not become effective as provided in the Settlement Agreement. In the event the Court's approval of the Settlement is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified, and no reference to the Settlement Class, the Settlement Agreement or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in the Litigation, or any other action or proceeding.

7.     For purposes of settlement only, the Court finds that the Settlement Class satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, namely that the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; Settling Plaintiffs' claims are typical of the Settlement Class's claims; there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual Settlement Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

8.     Pursuant to Federal Rule of Civil Procedure Rule 23, and for purposes of the Settlement only, the Settling Plaintiffs, *i.e.*, Plaintiffs Brenten George and Denise Valente McGee, are appointed as representatives of the Settlement Class ("Class Representatives") and Douglas P. Dehler and Christa Wittenberg of O'Neil Cannon Hollman DeJong & Laing, S.C. and John B. Tuffnell of Tuffnell Law S.C are appointed as counsel for the Settlement Class ("Settlement Class Counsel"). In making these appointments, the Court concludes that Class Representatives and Settlement Class Counsel have fairly and adequately represented the class with respect to the Settlement and Settlement Agreement.

4

9.	__ objections were filed by Settlement Class Members. The Court has considered the objections carefully and finds that the objections do not raise convincing arguments against the fairness of the Settlement. Accordingly, the Court overrules the objections. All Settlement Class Members who failed to submit an objection to the Settlement in accordance with the deadline and procedure set forth in the Preliminary Approval Order are deemed to have waived and are forever foreclosed from raising any objection to the Settlement.

10.	Pursuant to Federal Rule of Civil Procedure 23, the Court finds that the Settlement falls well within the range of reason and is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Court finds that the Settlement is the result of arm's length negotiations with the assistance of an independent mediator and between experienced counsel representing the interests of the parties to the Litigation. The proceedings that occurred before the parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses—including without limitation the merits of the class claims and Defendants' defenses, balanced against the settlement amount, and the risks, effort and expense of further litigation—and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses. The settlement consideration to be paid to Settlement Class Members constitutes fair value given in exchange for the release of the Released Claims and is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Litigation, and the risks involved in establishing liability and damages and in maintaining the Litigation through trial and appeal. The Court further finds that the lack of significant opposition to the Settlement also supports approval of the Settlement Agreement.

11.	Accordingly, the Court hereby approves the Settlement Agreement and its exhibits, including without limitation the Release, Mutual Releases, and payment of settlement

5

funds as set forth in the Settlement Agreement. In conjunction with approving the Settlement, this Court hereby enters final judgment in this action. All Settlement Class Members are bound by this Final Order and Judgment.

Dismissal with Prejudice, Release, and Bar Order

12.    Except as to any individual claim of the persons who properly requested to Opt-Out (identified in Exhibit 1 hereto), all claims against the Defendants in the Litigation are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as provided in Paragraph 15.

13.    Pursuant to this Judgment, upon the Effective Date, the Settling Plaintiffs and each and every Settlement Class Member, on behalf of itself, himself or herself as well as his or her heirs, executors, administrators, successors, assigns, and all other persons to the fullest extent provided for in the Settlement Agreement (i.e., the Releasing Parties) shall be deemed to have—and by operation of this Final Order and Judgment shall have—unconditionally, fully, finally and forever released and forever discharged and relinquished the Released Claims (as defined and provided for in paragraphs 1.37 and 13.1 and 13.2 of the Settlement Agreement). Pursuant to this Judgment, upon the Effective Date the additional Mutual Releases under paragraph 13.3 of the Settlement Agreement also shall have full force and effect.

14.    The Releasing Parties, whether or not any such Releasing Party seeks or receives payment under the terms of the Settlement Agreement, are hereby permanently enjoined from: (a) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; and (b) filing, commencing, prosecuting, intervening in, participating in (as class

6

members or otherwise) or receiving any benefits from any lawsuit, administrative or regulatory proceeding or order in any jurisdiction based on an allegation that Defendants' compliance with the provisions of the Settlement Agreement violates any legal right of any Settlement Class Member. Any person that knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants or any Released Party as a result of such violation.

15. The Court hereby approves the award of attorneys' fees and litigation costs to Class Counsel in the total amount of $_____, which amount is less than or equal to the maximum amount Defendants agreed to pay under the Settlement Agreement, and thus shall be paid by Defendants in accordance with Section 10 of the Settlement Agreement. The Court further approves the payment of incentive awards of $5,000 to both Brenten George and Denise Valente-McGee, which amounts shall be paid by Defendants in accordance with Section 10 of the Settlement Agreement.

16. The terms of the Settlement Agreement and this Final Order and Judgment shall have *res judicata*, collateral estoppel and all other preclusive effect as to the Released Claims.

<u>Other Provisions</u>

17. The parties to the Litigation are ordered to comply with the terms of, and effectuate the Settlement Agreement. The Settling Plaintiffs and Defendants, through Class Counsel and counsel for Defendants, are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached hereto as (i) are consistent with this Final Order and Judgment, and (ii) which do not limit the rights of Settlement Class Members under the Agreement.

7

18. The Court finds that during the course of the Litigation, the Settling Plaintiffs, Defendants and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

19. The Court finds that the Escrow Account to be established pursuant to the Settlement Agreement is a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1(a). All funds held in the Escrow Account shall be deemed and considered to be in *custodial egis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

20. As set forth in the Settlement Agreement, the Settlement comprises claims that are contested and nothing in this Final Order and Judgment, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be (a) an admission of any fact, allegation, claim or defense that was or could have been asserted in the Litigation, or any other litigation, court, proceeding, arbitration, investigation or other forum, or (b) evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants, or (c) an admission of the propriety of class certification or any class definition for any purposes other than for purposes of the current Settlement.

21. Without affecting the finality of the Final Order and Judgment, the Court shall retain continuing jurisdiction over the Litigation, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under paragraphs 14 and 16.

22.     In the event that the Settlement does not become effective for any reason, this Final Order and Judgment, except paragraphs 20, 21, 22, shall be rendered null and shall be vacated, the Settlement (except as otherwise provided therein) shall be terminated, and the parties shall return to their positions without prejudice, as provided in the Settlement Agreement.

23.     There is no just reason for delay in the entry of the Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated at Milwaukee, Wisconsin, this _____ day of _____, 2018.

                              BY THE COURT:


                              _____
                              J.P. Stadtmueller
                              U.S. District Judge

9

**EXHIBIT E**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| BRENTEN GEORGE and DENISE VALENTE-MCGEE, individually and on behalf of similarly situated individuals,<br><br>        Plaintiffs<br><br>    v.<br><br>CNH HEALTH & WELFARE BENEFIT PLAN, CNH EMPLOYEE GROUP INSURANCE PLAN,  CASE NEW HOLLAND, INC., and BLUE CROSS BLUE SHIELD OF WISCONSIN,<br><br>        Defendants. | Case No. 16-CV-1678-JPS |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION**

*A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**Please be advised that your rights may be affected and you may be eligible to receive financial payment as the result of a proposed settlement reached in a class action lawsuit involving health benefits provided pursuant to the CNH Plan (defined below) for certain out-of-network health care services you received between 8/1/2010 and [[PRELIMINARY APPROVAL DATE]] ("the Class Period").**

- This putative class action lawsuit was filed by Plaintiffs Brenten George and Denise Valente-McGee, on behalf of themselves and other participants or beneficiaries of the CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health and Welfare Plan and CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009) (the "CNH Plan") against the CNH Plan, Case New Holland, Inc., n/k/a Case New Holland Industrial, Inc. ("CNH"), and Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross and Blue Shield ("Anthem") (collectively, the CNH Plan, CNH and Anthem are referred to as "Defendants").

- The Litigation involves the way that Defendants calculated the amount to pay on claims for medical services that CNH Plan participants and/or beneficiaries received from Out-of-Network Providers, which means professional medical providers (such as physicians and other healthcare practitioners) who were not part of participating provider networks under the terms and conditions of the CNH Plan when the medical services were received.

- Defendants have responded to the Litigation, denying the material allegations and any wrongdoing.

- Plaintiffs, represented by counsel, have agreed to settle all claims against Defendants in the Litigation in exchange for a Settlement under which Defendants, among other things, agree to pay $750,000 into a Total Settlement Fund for the benefit of Settlement Class Members.

- The Court in charge of the Litigation has not yet decided whether to finally approve the Settlement; however, the Court has preliminarily approved the Settlement as fair, adequate and reasonable.

- Your legal rights may be affected whether you act, or don't act. **Please read this notice carefully.** Payments will only be made if the Court finally approves the Settlement and any appeals are resolved.

\* \* \* \* \*

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **DO NOTHING** | You do not have to do anything to participate in the Settlement. If it is approved by the Court, you automatically will be deemed entitled to receive a financial payment. |
| **SUBMIT THE ENCLOSED PAYEE FORM** | Any payment for which you are eligible under the Settlement will be paid directly to you unless you choose to direct the Settlement Administrator to pay someone else by completing the Payee Form and returning it to the Settlement Administrator by first class mail, postmarked no later than [[60 days from Notice Date]]. |
| **ASK TO BE EXCLUDED ("OPT-OUT")** | If you do not want to receive a payment under the Settlement, and you want to keep any rights you may have to individually sue Defendants over the claims resolved by this Settlement, you must send a letter to the Settlement Administrator by first class mail, postmarked no later than [[60 days from Notice Date]], stating you wish to be excluded from the Settlement Class. |
| **OBJECT** | If you want to object to the Settlement, you must send a letter to the Court by first class mail, postmarked no later than [[60 days from Notice Date]], explaining why you do not agree with the Settlement, or some part of it. You cannot object to the Settlement unless you are a Class Member, which means that you cannot both object and Opt-Out. |
| **GO TO A HEARING** | If you object to the Settlement, you may file papers to attend the hearing and ask to speak in Court about the Settlement. The Final Settlement Hearing will be held on _____ at ___a.m./p.m., at which time the federal court judge will make a final decision as to whether the Settlement is fair to the Settlement Class Members. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

2 of 13

# WHAT THIS NOTICE CONTAINS

**Page**

I.      WHY DID I RECEIVE THIS NOTICE?
II.     WHAT IS A CLASS ACTION?
III.    WHAT IS THIS LITIGATION ABOUT?
IV.     DO I HAVE A LAWYER IN THIS CASE?
V.      WHY IS THERE A SETTLEMENT?
VI.     WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?
VII.    HOW DO I QUALIFY TO PARTICIPATE IN THE SETTLEMENT?
VIII.   HOW WILL THE SETTLEMENT FUNDS BE ALLOCATED?
IX.     DO I NEED TO FILE A CLAIM FOR PAYMENT?  HOW DO I FILE A CLAIM?
X.      WILL PAYMENT UNDER THE SETTLEMENT BE SENT TO ME OR MY
        MEDICAL PROVIDER?
XI.     HOW WILL THE LAWYERS BE PAID?
XII.    HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?
        MAY I SPEAK AT THE FINAL SETTLEMENT HEARING?
XIII.   WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?
XIV.    WHAT WILL HAPPEN AT THE FINAL SETTLEMENT HEARING?  DO I
        NEED TO ATTEND THE FINAL SETTLEMENT HEARING?
XV.     WHAT IF I DO NOTHING AT ALL?
XVI.    HOW DO I GET MORE INFORMATION?
ATTACHMENT 1: PAYEE FORM

\*       \*       \*       \*       \*

## I.      WHY DID I RECEIVE THIS NOTICE?

This Notice is being sent to you pursuant to an Order of the United States District Court for the Eastern District of Wisconsin (the "Court") because our records show you or someone in your family received medical services  between 8/1/2010 and [PRELIMINARY APPROVAL DATE] from an Out-of-Network Provider that were reimbursed by the CNH Plan at amounts less than the provider's billed charges.  The judge presiding over this case is the Honorable J.P. Stadtmueller, United States District Judge.

The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed settlement of this case.  Additionally you have the right to understand how a class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement, a claims administrator approved by the Court will make payments to everyone who has a valid claim under the terms and conditions of the Settlement Agreement, after any objections and appeals are resolved.

This Notice explains the Litigation, the Settlement, your legal rights, what benefits are available, who may be eligible for them, and how to receive them.  The purpose of this Notice is to inform you of this case, that it is a putative class action, how you might be affected, and how to exclude yourself (i.e. "Opt-Out") from the Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, and the application by Class Counsel for attorneys' fees and reimbursement of expenses (the "**Final Settlement Hearing**").

The Final Settlement Hearing will be held on _____ at ___: 00 a.m./p.m., at the United States Courthouse, United States District for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Courtroom 425, Milwaukee, Wisconsin 53202.

## II.     WHAT IS A CLASS ACTION?

In a class action lawsuit, under the federal rules, one or more people, called class representatives, sue on behalf of others with similar legal claims. All of these people together are called a class or class members. In a class action, one court resolves the issues for all class members, except for those who specifically ask to be excluded from the class, thus providing the class members with both consistency and efficiency. When the class representatives reach a proposed settlement with the defendants in a class action, the proposed settlement must be approved by the court, after court-approved notice is provided to potential class members and the court holds a hearing, which class members can attend, to determine, among other things, that the settlement is fair, reasonable, adequate and in the best interests of the class.

## III.    WHAT IS THIS LITIGATION ABOUT?

On December 19, 2016, this putative class action, under the case caption *George et al. v. CNH Health & Welfare Benefit Plan et al.*, was filed in the United States District Court for the Eastern District of Wisconsin, Case No. 2:16-cv-01678-JPS (the "Litigation").

The **Plaintiffs** in this Litigation are Brenten George and Denise Valente-McGee, on behalf of themselves and other participants or beneficiaries of the CNH Plan. The **Defendants** in this Litigation are the CNH Plan, CNH and Anthem. The Plaintiffs and Defendants in this Litigation are collectively referred to as the "Parties."

On March 3, 2017, the Plaintiffs filed an Amended Class Action Complaint ("Complaint"), which alleges, among other things, that Defendants underpaid claims for medical services rendered by Out-Of-Network Providers, i.e., physicians and other healthcare practitioners who at the time of the service did not participate in the participating provider network(s) under the terms and conditions of the CNH Plan. Plaintiffs challenge Defendants' use of a Medicare-based methodology to determine the amount of reimbursement allowed under the CNH Plan for professional medical services provided by Out-of-Network Providers, alleging that methodology is contrary to applicable provisions of the CNH Plan. Plaintiffs allege that participants are harmed when the use of the Medicare-based methodology results in underpayment of benefits under the CNH Plan, and that they have legal claims under the Employee Retirement Income Security Act of 1974, codified in part at 29 U.S.C. § 1132 ("ERISA"). Defendants denied and continue to deny the factual allegations and legal claims asserted in the Complaint, and denied and continue to deny any wrongdoing or liability.

There was no trial in the Litigation to determine the truth of Plaintiffs' allegations. Instead, after months of pre-trial discovery and other court proceedings, Plaintiffs agreed to settle their claims against Defendants. The Settlement is not an admission by Defendants of any fault, wrongdoing or liability whatsoever. Defendants instead have agreed to the Settlement solely to eliminate the uncertainties, expense and burden of further litigation.

On July 19, 2017 and July 20, 2017, the Parties participated in mediation with the assistance of an independent mediator, Michael J. Cohen, Esq. The Parties subsequently submitted a Final Settlement Agreement setting out terms of the proposed Settlement to the Court, along with the Plaintiffs' motion for preliminary approval of the Settlement. On _____, the Court entered an order containing preliminary approval of the Settlement, conditional certification of the Settlement Class, and authorization for this

Notice to be sent to potential Settlement Class Members, and scheduling the Final Settlement Hearing to consider whether to grant final approval to the Settlement.

**To obtain further information about the claims asserted in the Litigation, you may review a copy of the Amended Complaint filed in the Litigation from the website _____. Certain other filings and orders from the Court are also available to you on this website.**

## IV. DO I HAVE A LAWYER IN THIS CASE?

The Court has preliminarily appointed Douglas P. Dehler and Christa Wittenberg of O'Neil Cannon Hollman DeJong & Laing, S.C. and John B. Tuffnell of Tuffnell Law S.C. as Class Counsel for settlement purposes to represent you and other members of the Settlement Class.

You do not have to pay Class Counsel. If you want to have your own lawyer, and have that lawyer appear in court for you in this case, you must hire one at your own expense.

## V. WHY IS THERE A SETTLEMENT?

The Court did not decide in favor of either side. Rather, both sides agreed to settle all claims that were or could have been asserted against Defendants in the Litigation in exchange for monetary consideration. That way, the Parties avoid the uncertainties and cost of a trial and possible appeal, and the affected members of the Settlement Class who qualify will receive compensation.

## VI. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

In the Settlement Agreement, the individual Plaintiffs ("Settling Plaintiffs"), represented by counsel ("Class Counsel"), agreed to settle all claims that were or could have been asserted against Defendants in this Litigation in exchange for monetary consideration. **Various terms of the Settlement Agreement are summarized in this section and elsewhere in this Notice. A copy of the entire Settlement Agreement, which is dated _____, may be reviewed on the website www._____.com.**

### a. Settlement Consideration

The Settlement establishes a **Total Settlement Fund** in the amount of $750,000.00. If the Settlement is finally approved by the Court, Settlement Class Members who submit or are deemed to have submitted claims for compensation from this fund will be entitled to payments from the Total Settlement Fund as described in the Settlement Agreement and summarized below. Other amounts, as approved by the Court, such as the costs of notice and administration of the Settlement up to $100,000.00, attorneys' fees and litigation expenses for Settlement Class Counsel, and incentive payments to the individual Settling Plaintiffs, will be paid by Defendants directly and not out of the Total Settlement Fund.

If the Settlement is finally approved by the Court, financial payments will be paid from the Total Settlement Fund to Settlement Class Member who do *not* Opt-Out of the Settlement.

**b.** **The Release, Dismissal with Prejudice, and Revocation of Assignment**

If the Settlement Agreement is finally approved, the Litigation will be dismissed with prejudice as to Defendants. In addition, Defendants will be released and discharged of any and all claims, up through the entry of the Preliminary Approval Order in this case, that are, were, or could have been asserted against Defendants based on or arising from the allegations in this Litigation. The Settlement Class Members will be barred from suing Defendants and the other released persons for claims that are covered by the releases. Settlement Class Members will also be deemed to have revoked any purported assignment of, or relating to, any of the claims that are covered by the releases and to have agreed to indemnify Defendants if any third party (such as your medical provider or a debt collector) sues Defendants, asserting any claim covered by the releases.

**The release, revocation of assignment and indemnification, covenant not to sue, and dismissal with prejudice provisions of the Settlement Agreement affect your legal rights and you should review these provisions carefully.**

## VII. HOW DO I QUALIFY TO PARTICIPATE IN THE SETTLEMENT?

**You do not need to do anything to qualify to participate in the Settlement.** You are receiving this Notice packet because claims records show that you may be entitled to receive a financial payment under the Settlement. If this proposed Settlement is approved by the Court, and you do not Opt Out of the Settlement, **you will automatically be deemed to have filed a claim for compensation from the Total Settlement Fund and will receive a financial payment under the terms and conditions of the Settlement**. If you chose to Opt Out of this Settlement, no financial payment will be made to you. For more information about how the financial payments will be calculated and allocated to Class Members under the Settlement, please see the section of this Notice titled "How Will the Settlement Funds Be Allocated?"

**You do not need to submit a claim form or other documents to be eligible to receive financial payment under Settlement. Please note, however, that if the potential value of your claim for additional compensation under the Settlement is more than $500, you must submit a valid and timely Claim Form and required documentation of one or more Balance Bills for the full value of your claim(s) in order for your claim to be recognized at that full value** (subject to *pro rata* distribution) under the Settlement. Class Members with claims for additional compensation valued at more than $500 will receive a Claim Form with their Notice packet. For more information about the Claim Form (including the due date and mailing address for submitting the form), refer to the section of the Notice titled, "Do I Need to File a Claim For Payment? If I Need to File a Claim Form, How Do I File It?"

**Additionally, while you do not need to submit any documents to qualify to participate in the Settlement, you can submit the Payee Form (included in this Notice packet) to designate someone else to receive the financial payment under this Settlement.** For additional information, please refer to the Payee Form and the section of this Notice titled "Will Payment Be Sent to Me or My Medical Provider."

Whether or not you mail in a Claim Form or Payee Form, as a Settlement Class Member, you will be bound by all orders and judgments entered in connection with the Settlement and Settlement Agreement, including the release, revocation of any purported assignment and indemnification, covenant not to sue, and dismissal with prejudice provisions described in this Notice, unless you Opt-Out of the Settlement Class.

**VIII.    HOW WILL THE SETTLEMENT FUNDS BE ALLOCATED?**

Note, there are several defined terms that appear frequently in this section.  Please see the Explanatory Notes below for the definitions of these terms.

**The Settlement provides for two types of financial payments to be paid out of the Total Settlement Fund, if the Settlement is finally approved by the Court:**

1.    **Minimum Compensation Paid to All Settlement Class Members:**  You automatically qualify and will receive a minimum financial payment in the amount of $20 from the Total Settlement Fund, unless you Opt-Out of the Settlement.

2.    **Additional Compensation to Eligible Class Members**:  <u>If you meet the eligibility criteria defined below</u> and do not Opt-Out of the Settlement, you also will automatically qualify for additional compensation and will receive a portion of the value of your eligible claims pursuant to the terms of the Settlement.

The value of your claims is defined in the Settlement Agreement as your "Total Alleged Underpayment."   For each Settlement Class Member who meets the eligibility criteria set out below, claims data is used to calculate the Total Alleged Underpayment under Plaintiffs' theories in this Litigation for all of his or her Eligible Partially Allowed OON Professional Claims, minus the $20 minimum payment amount he or she will receive under the Settlement.

<u>Eligibility Criteria for Additional Reimbursement:</u>

- <u>Union Settlement Class Members</u>: (i) any participant or beneficiary included in the subgroups of the Plan applicable to active and retired members of the United Autoworkers Union during the Settlement Class Period ("Union Settlement Class Members") on the dates they received Covered Professional Services that resulted in Partially Allowed OON Professional Claim(s), (ii) who received such services on or before December 31, 2016, <u>and</u> (iii) whose  Total Alleged Underpayment for such claims is greater than $0, are Eligible Settlement Class Members.

- <u>Non-Union Settlement Class Members</u>:  (i) any participant or beneficiary <u>not</u> included in the subgroups of the Plan applicable to active and retired members of the United Autoworkers Union during the Settlement Class Period ("Non-Union Settlement Class Members) on the dates they received Covered Professional Services that resulted in Partially Allowed OON Professional Claim(s), (ii) who received such services on or before December 31, 2014, <u>and</u> (iii) whose  Total Alleged Underpayment for such claims is greater than $0, are Eligible Settlement Class Members.

You may  not receive the entire value of your claim for additional compensation.  The amount that you will receive will be determined on a *pro rata* basis, which means the amount you receive under the Settlement will be reduced depending on the total amount of claims submitted or deemed to be submitted by other eligible Settlement Class Members.  You will receive a portion of the remaining funds in the Total Settlement Fund (in an amount up to but not exceeding your Total Alleged Underpayment amount) based on a percentage determined by the value of your claims compared to the total value of all Settlement Class Members' claims.

**Please note, if the potential value of your claim for additional compensation under the Settlement (i.e., Total Alleged Underpayment) is more than $500 you must submit a valid and timely Claim Form and required documentation of a Balance Bill in order to receive the full value of your claims** (subject to *pro rata* distribution). Class Members with claims valued at $500 or more will receive a Claim Form with their Notice packet. If you fail to return the Claim Form, or your Claim Form is denied by the Settlement Administrator because it is untimely or invalid for any reason, the value of your claims under the Settlement Agreement will be set at the greater of $500 or the partial value of your claim as to which you timely submit a valid Claim Form with required documentation of a Balance Bill, and you will be eligible for a Settlement Payment up to that amount, subject to the pro rata reduction described above. For more information about the Claim Form (including the due date and mailing address for submitting the form), refer to the section of this Notice titled, "Do I Need to File a Claim For Payment? If I Need to File a Claim Form, How Do I File It?"

Explanatory Notes:

"**Allowed Amount**" or "**Allowable Amount**" means the amount Defendants determined to be eligible for reimbursement under the Plan for a Plan Member's Covered Professional Services submitted for reimbursement under the Plan, before the application of co-insurance, deductibles, and coordination of benefits for coverage under another plan or health benefits policy.

"**Balance Bill**" means a written bill, invoice, or other demand for payment from a provider or provider's representative seeking payment from a Plan Member for the difference between a providers' billed charge and the Defendants' Allowed Amount for a Covered Professional Service. A Balance Bill does not include a bill for any other amounts, such as Denied Claims, co-insurance, deductibles, and coordination of benefits. Under the Settlement Agreement, a Balance Bill includes any written bill for this amount regardless of when or how it is presented to the Plan Member, including a bill for the entire billed charge that the provider presented to the Plan Member in person at the time of the Covered Professional Service, as well as a bill that the provider sent to the Plan Member by mail or other means after reimbursement of the Allowed Amount for the Covered Professional Service under the Plan.

"**Denied Claim**" means any claim line for which the Allowed Amount equals $0. Denied Claims are not included in this Settlement.

"**Out-Of-Network Provider**" means a professional provider of health care services or supplies (such as a physician or other healthcare practitioner) who did not participate as a member of the participating provider network(s) on the date services were provided as defined under the terms and conditions of the Plan.

"**Partially Allowed**" or "**Partially Allowed OON Professional Claim**" means any claim line for a Covered Professional Service provided by an Out-of-Network Provider to a Plan Member that is not a Denied Claim and for which the Allowed Amount is less than the amount billed by the provider. Partially Allowed OON Professional Claim excludes claim lines for Covered Professional Services that were (i) claims involving coordination of benefits for which Medicare was primary, and (ii) claims successfully negotiated by National Care Network (i.e., those claim lines Out-of-Network Provider agreed to accept a certain amount negotiated by National Care Network as full reimbursement and to not bill the Plan Member for the difference between that negotiated amount and the provider's charge).

**"Eligible Partially Allowed OON Professional Claim"** means (i) for Union Settlement Class Members, only those Partially Allowed OON Professional Claims for Covered Professional Services received on or before December 31, 2016, and (ii) for Non-Union Settlement Class Members, only those Partially Allowed OON Professional Claims for Covered Professional Services received on or before December 31, 2014.

## IX.    DO I NEED TO FILE A CLAIM FOR PAYMENT?  HOW DO I FILE A CLAIM?

If your claim(s) under the Settlement is valued at *less than* $500, you need not submit a claim for payment. You will receive a minimum settlement payment of $20, and possibly more depending on the value of your claim as shown by claims data and other information obtained and provided by the Defendants in the Litigation.

If the potential value of your claim(s) for additional compensation under the Settlement is more than $500, you will receive a Claim Form with this Notice.   You must timely submit the completed Claim Form and required documentation of one or more Balance Bills for the full value of your claims in order to receive that full value (subject to *pro rata* distribution) under the Settlement.

The completed Claim Form and required documentation of a Balance Bill must be mailed to the following address (which appears on the Claim Form):
> ***George et al. v. CNH Health & Welfare Benefit Plan et al.***
> **c/o XXXXXXXXXX**
> **P.O. Box XXXXX**
> **XXXXXXXXXXXXXXXXXXX**

**The Claim Form (if you received one) must be postmarked by no later than [CLAIM SUBMISSION DEADLINE, I.E., 60 DAYS AFTER NOTICE DATE],** or it will not be a valid and timely Claim Form and will be denied by the Settlement Administrator. For those Settlement Class Members who receive a Claim Form with this notice, if you fail to submit that Claim Form, or if your Claim Form is denied by the Settlement Administrator because it is untimely or invalid for any reason, the value of your claims under the Settlement Agreement will be set at the greater of $500 or the partial value of your claim as to which you do timely submit a valid Claim Form with required documentation of one or more Balance Bills, and you will be eligible for a Settlement Payment up to that amount, subject to pro rata reduction.

**IF YOU HAVE QUESTIONS ABOUT HOW TO COMPLETE THE CLAIM FORM, WHAT ADDITIONAL DOCUMENTATION TO PROVIDE, OR WHICH SPECIFIC MEDICAL SERVICES ARE AT ISSUE, PLEASE CONTACT THE SETTLEMENT ADMINISTRATOR AT [TOLL FREE NUMBER].**

## X.    WILL PAYMENT UNDER THE SETTLEMENT BE SENT TO ME OR MY MEDICAL PROVIDER?

As explained above, if this proposed Settlement is finally approved by the Court, and you do not Opt Out of the Settlement, you will automatically be deemed to have filed a claim for compensation from the Total Settlement Fund and will receive a financial payment under the terms and conditions of the Settlement.

**You can choose to designate someone else (e.g., your medical provider) to receive the financial payment under this Settlement by completing the Payee Form included with this Notice.**

**The Payee Form must be returned by first class mail, postmarked no later than [60 DAYS AFTER NOTICE DATE].**

**IF YOU DO NOT COMPLETE AND MAIL IN THE PAYEE FORM BY [[60 DAYS AFTER NOTICE DATE]], THEN ANY SETTLEMENT PAYMENT WILL BE MADE TO YOU.** In all events, you will be responsible for resolving any disputes or disagreements concerning whether someone else is entitled to the Settlement Payment for which you may be eligible.

## XI. HOW WILL THE LAWYERS BE PAID?

To date, Class Counsel have not received any payment for their services in prosecuting the Litigation and have not been reimbursed for out-of-pocket expenses in the Litigation. If the Court approves the proposed Settlement, Class Counsel will apply to the Court for an award of attorneys' fees and out-of-pocket expenses in an amount not to exceed $350,000.00. Any attorneys' fees and expenses awarded by the Court will be paid by Defendants directly and will not reduce the amount of the Total Settlement Fund described above. In addition, Class Counsel intend to apply to the Court for approval of an incentive award in an amount not to exceed $5,000, payable by Defendants directly (rather than from the Total Settlement Fund) to each of the two Settling Plaintiffs, in recognition their time and effort in connection with the Litigation.

## XII. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT? MAY I SPEAK AT THE FINAL SETTLEMENT HEARING?

If you are a Class Member, you can object to the Settlement, or any part of it and explain why you think the Court should not approve the Settlement. To object, you must file with the Court a written statement, **signed by you**, saying that you object to "*George et al. v. CNH Health & Welfare Benefit Plan et al.* Case No. 2:16-cv-01678-JPS," and include the following:

- the basis for your objection(s), including all factual and legal grounds in support of your objection, together with any documentation you wish the Court to consider;
- your full name, address, and telephone number; and
- the name of any lawyer who represents you, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement.

While you do not need to attend the Final Settlement Hearing for the Court to consider your objection, if you want to speak at the Final Settlement Hearing, you must also file a letter saying that it is your "Notice of Intention to Appear in *George et al. v. CNH Health & Welfare Benefit Plan et al.*" Please be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be postmarked no later than [[Objection Date, i.e., 60 days after Notice Date]]. You cannot speak at the hearing if you have chosen to Opt Out of the Settlement.

File those documents with the Court and send them to Class Counsel and Defense Counsel by hand delivery or by first-class mail, postage prepaid at the addresses below by [[Objection Date, i.e., 60 days after Notice Date]]:

**Clerk's Office**

United States District Court
For The Eastern District Of Wisconsin
Clerk of the Court

362 United States Courthouse
517 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

**Class Counsel**

Douglas P. Dehler                           John B. Tuffnell
Christa Wittenberg                          TUFFNELL LAW S.C.
O'NEIL CANNON HOLLMAN DEJONG &              790 N. Milwaukee Street, Suite 200
LAING, S.C.                                 Milwaukee, WI 53202
111 East Wisconsin Avenue                   Telephone: (414) 550-2296
Milwaukee, WI 53202                         Facsimile: 414-437-9240
Telephone: (414) 276-5000                   jbt@tuff-law.com
Facsimile: (414) 276-6581
Doug.Dehler@wilaw.com
Christa.Wittenberg@wilaw.com


**Defendants' Counsel**

Patrick J. Murphy              Briana L. Black                    Bartholomew F. Reuter
Alexandra W. Shortridge        E. Desmond Hogan                   FOLEY & LARDNER LLP
Paul Parrish                   HOGAN LOVELLS US LLP               777 East Wisconsin Avenue
QUARLES & BRADY LLP            555 Thirteenth Street, NW          Milwaukee, WI 53202
411 East Wisconsin Avenue      Washington, DC 20004              Telephone: (414) 297-5826
Suite 2400                     Telephone: (202) 637-5600          Facsimile: (414) 297-4900
Milwaukee, WI 53202-4426       Facsimile: (202) 637-5910          breuter@foley.com
Telephone: (414) 277-5459      desmond.hogan@hoganlovells.com
Facsimile: (414) 978-8617      briana.black@hoganlovells.com
patrick.murphy@quarles.com
alexandra.shortridge@quarles.com
paul.parrish@quarles.com

You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, he or she must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' counsel by [[Objection Date, i.e., 60 days after Notice Date]].

If you do not comply with the foregoing procedures and deadlines for filing and serving a written statement setting forth your objections, and a written notice of your intention to appear at the Settlement Hearing, if applicable, you may lose your right to appear and be heard at the Final Settlement Hearing; and the right to contest approval of the proposed Settlement, the application for an award of attorneys' fees and expenses, any other orders or judgments of the Court entered in connection with the Settlement.

**Class members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.**

## XIII. WHAT IF I DO NOT WANT TO BE PART OF THE SETTLEMENT?

If you do not want to be a Settlement Class Member and participate in the Settlement (including receiving financial payment), then you must send a signed Request to Opt-Out by mail stating: (1) your

name, address, and federal Social Security Number or Tax Identification Number, and (2) a statement that you wish to be excluded (i.e., Opt-Out) from the Settlement Class. You cannot exclude yourself by phone, e-mail or facsimile. Requests to Opt-Out must be mailed to the following:

> ***George et al. v. CNH Health & Welfare Benefit Plan et al.***
> **c/o XXXXXXXXXX**
> **P.O. Box XXXXX**
> **XXXXXXXXXXXXXXXXXXXX**

      **YOUR REQUEST TO OPT-OUT MUST BE RETURNED BY FIRST-CLASS MAIL, POSTMARKED NO LATER THAN [OPT-OUT DEADLINE, I.E., 60 DAYS AFTER NOTICE DATE]**.

      By requesting to Opt-Out and thus be excluded from the Settlement Class, you will not share in the Settlement (including financial payments thereunder), and you may assert any claim you believe you have against the Defendants by filing your own lawsuit at your own expense.

## XIV. WHAT WILL HAPPEN AT THE FINAL SETTLEMENT HEARING? DO IN NEED TO ATTEND THE FINAL SETTLEMENT HEARING?

      The Final Settlement Hearing will be held on _____ at _____ a.m./p.m. at the United States Courthouse, United States District for the Eastern District of Wisconsin, 517 East Wisconsin Avenue, Courtroom 425, Milwaukee, Wisconsin 53202. The hearing, however, may be adjourned by the Court without additional notice to the Settlement Class, other than an announcement in open court. Members of the Settlement Class who support the Settlement do not need to be present at the hearing or take any action to indicate their approval, as Class Counsel for the Settlement Class will be present to address any questions or concerns raised by the Court.

      At the Final Settlement Hearing, the Court will consider, among other things:

      (1) whether the Settlement of the Litigation that is reflected in the Settlement Agreement is fair, reasonable, and adequate to the members of the Settlement Class;
      (2) whether the Court should unconditionally certify the Settlement Class in accordance with Federal Rule of Civil Procedure 23;
      (3) whether to approve payment of incentive awards to the Settling Plaintiffs; and
      (4) what attorneys' fees and expenses should be paid to Class Counsel.

      **Class members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement.** Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you file an objection, you do not have to come to the Court to talk about it. As long as you filed and served your written objection on time, the Court will consider it.

## XV. WHAT IF I DO NOTHING AT ALL?

      As explained above, if this proposed Settlement is approved by the Court, and you do not Opt Out of the Settlement, you will automatically be deemed to have filed a claim for compensation from the Total Settlement Fund and will receive a financial payment under the terms and conditions of the Settlement. Unless you Opt-Out, i.e.. exclude yourself, from the Settlement Class, you will be bound by the terms of the Settlement, including the release and covenant not to sue provisions of the Settlement Agreement described above.

**XVI.    HOW DO I GET MORE INFORMATION?**

This Notice is a summary and does not describe all details of the Settlement.  Complete copies of the Settlement Agreement, the Amended Complaint filed in the Litigation, the Preliminary Approval Order, and other court orders in this case, except those (if any) filed under seal, may be examined and copied during regular office hours, and subject to customary copying fees, at the Clerk of the Court's Office, United States District Court, Eastern District of Wisconsin.  Certain of these documents may also be obtained on the website_____**com**.  You can also contact the Settlement Administrator at [[TOLL-FREE NUMBER]].

**PLEASE DO NOT CALL OR WRITE THE COURT OR THE CLERK OF THE COURT FOR INFORMATION OR LEGAL ADVICE.**

Dated: _____           BY ORDER OF
                                THE UNITED STATES DISTRICT COURT
                                EASTERN DISTRICT OF WISCONSIN

<u>**ATTACHMENT 1: PAYEE FORM**</u>

      As explained in the Notice of Proposed Settlement of Class Action, if the Settlement is finally approved by the Court, and if you do not Opt Out of the Settlement, you will automatically be deemed to have filed a claim for compensation from the Total Settlement Fund and will receive a financial payment under the terms and conditions of the Settlement. You do not need to complete and return any documentation.

      **If you want to designate someone else to receive the financial payment for which you are eligible under this Settlement, please complete the reverse side of this Payee Form.**

      **If you do not complete this form and return it by the date below ANY SETTLEMENT PAYMENT WILL BE MADE TO YOU DIRECTLY**.

\*     \*     \*     \*     \*

      **This Payee Form must be returned by first-class mail, postmarked by no later than [60 DAYS AFTER THE NOTICE DATE].**

\*     \*     \*     \*     \*

<u>*Please mail this Payee Form to:*</u>     *George et al. v. CNH Health & Welfare Benefit Plan et al.*
**c/o XXXXXXXXXX**
**P.O. Box XXXXX**
**XXXXXXXXXXXXXXXXXXX**

1 of 2

€       **I hereby direct the Settlement Administrator to** send my Settlement Payment to the following person or persons:

Please note, if you list more than one person below, you must identify the dates of service of the Partially Allowed OON Professional Claims associated with each person, so the Settlement Administrator can send each designated person the portion of the Settlement Payment corresponding to those claims. You may attach additional sheets as necessary.

1.   Name: _____

      Mailing Address: _____

      _____

      Date(s) of Service: _____

2.   Name: _____

      Mailing Address: _____

      _____

      Date(s) of Service: _____

                *      *      *      *      *

Name of Participant/Beneficiary: _____

Member ID / Social Security Number: _____

Telephone Number (in case the Settlement Administrator needs to contact you): _____

Signature:_____       Date:_____

If the Person signing this form is <u>not</u> the Participant/Beneficiary listed above, the Person signing this form should print their name below and describe their relationship to the Participant/Beneficiary (e.g., parent):

_____

2 of 2