# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRENTEN GEORGE and DENISE VALENTE-MCGEE,

                Plaintiffs,

v.

CNH HEALTH & WELFARE BENEFIT PLAN, CNH EMPLOYEE GROUP INSURANCE PLAN, CASE NEW HOLLAND, INC., and BLUE CROSS BLUE SHIELD OF WISCONSIN,

                Defendants.

Case No. 16-CV-1678-JPS

**ORDER**

On September 1, 2017, Plaintiffs filed an unopposed motion for preliminary approval of their class action settlement with Defendants. (Docket #30). In accordance with Federal Rule of Civil Procedure 23(e), such settlements require the Court's approval. The Court's task is to determine whether the settlement is "fair, adequate, and reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 279 (7th Cir. 2002) (quotation omitted). At this stage, all of these factors weigh in favor of finding a fair settlement. Plaintiffs have reached a settlement for a substantial sum to compensate the approximately 2,000 anticipated class members. (Docket #31 at 2-4). The litigation has been vigorous, proceeding through discovery to the dispositive motion stage, and requiring the Court's ruling on a prior dispositive motion by Defendants. (Docket #28). Finally, the settlement was reached in arm's

length negotiations and has not be objected to by anyone (as of now). The Court thus finds no barrier to preliminary approval of the parties' settlement.

The Court will therefore grant Plaintiffs' motion and incorporate their proposed order which will manage the settlement process and ultimately conclude this litigation in the spring of next year. *See* (Docket #31-2). The Court will also vacate the remaining dates and deadlines of the trial scheduling order. (Docket #20).

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for preliminary approval of their class action settlement (Docket #30) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that all remaining dates and deadlines of the Court's trial scheduling order (Docket #20), including the December 12, 2017 final pretrial conference and the December 18, 2017 bench trial, be and the same are hereby **VACATED**; and

**IT IS FURTHER ORDERED** that:

1. This order (the "Preliminary Approval Order") incorporates herein, and makes a part hereof, the Settlement Agreement, its definitions, and its Exhibits thereto (Docket #31-1). Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

2. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Settlement Hearing provided for below. The Court preliminarily finds that the Settlement is fair, reasonable and adequate, warranting conditional

certification of the Settlement Class, the scheduling of the Settlement Hearing and the circulation of notice to potential Settlement Class Members, each as provided for in this Order.

3. All other proceedings in the Litigation are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement or other order of the Court. No discovery with regard to the Litigation, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, and in further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and all potential Settlement Class Members are hereby preliminarily barred and enjoined under Federal Rule of Civil Procedure 65 from commencing or prosecuting any action or proceeding asserting any of the Released Claims in any court. All deadlines, hearings and other proceedings in this Litigation, except the Settlement Hearing, are hereby taken off the calendar.

Conditional Certification of the Settlement Class

4. For purposes of settlement only, the Court preliminarily finds that the proposed Settlement Class satisfies the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, namely that the proposed Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; Settling Plaintiffs' claims are typical of the Settlement Class's claims; there are questions of law and fact common to the Settlement Class, which predominate over any

questions affecting only individual Settlement Class Members; and class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

5. For purposes of settlement only, the following class ("Settlement Class") is conditionally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> Persons who are or were Plan Members[1] who, at any time from August 1, 2010 through the Date of Preliminary Approval, received Covered Professional Services from an Out-of-Network Provider that were Partially Allowed and: (i) whose claims for reimbursement under the Plan for such services were submitted on or before the Preliminary Approval Date, or (ii) who have received notice of this Agreement before the Settlement Hearing Date.

The Settlement Class will exclude those potential members who have properly excluded themselves (i.e., Opt-Out) of the Settlement Class in accordance with the procedures approved by the Court. Also excluded from the Settlement Class are: (1) Defendants and any current and former Subsidiaries, divisions, Affiliates, predecessors, insurers, assignees, and successors-in- interest; (2) any judge who presides or has presided over the Litigation, together with his/her immediate family members and any other individual residing in the judge's household; and (3) the United States and/or State governments and their agencies and departments.

---

[1] As defined in the Settlement Agreement, Plan Members are participants and/or beneficiaries enrolled in or otherwise covered under the CNH Health & Welfare Plan n/k/a CNH Industrial U.S. Health and Welfare Plan, and the CNH Employee Group Insurance Plan (merged with, and into the CNH Health & Welfare Plan, effective January 1, 2009) (the "Plan").

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of Settlement only, Settling Plaintiffs, Brenten George and Denise Valente-McGee, are preliminarily appointed as representatives of the Settlement Class ("Class Representatives").

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of Settlement only, Douglas P. Dehler and Christa Wittenberg of O'Neil Cannon Hollman DeJong & Laing, S.C. and John B. Tuffnell of Tuffnell Law S.C are appointed and designated as counsel for the Settlement Class ("Settlement Class Counsel"). Settlement Class Counsel is authorized to act on behalf of the Class Representatives and the Settlement Class, with respect to all acts or consents required by or that are reasonably necessary to consummate the Settlement.

Form and Timing of Notice

8. As soon as practicable, but no later than one hundred twenty (120) days after this Preliminary Approval Order is entered (the "Notice Date"), the Settlement Administrator shall cause copies of the Notice of Proposed Settlement of Class Action in the form attached as Exhibit E to the Settlement Agreement (the "Mailed Notice"), the form of which is hereby approved, to be mailed by first-class mail, postage prepaid to all potential Settlement Class Members at the addresses identified by reasonable efforts as set forth in the Settlement Agreement. The Court specifically approves the Parties' proposal (1) to be jointly responsible for identifying names and addresses of potential Settlement Class Members and to cooperate with each other and the Settlement Administrator to make such identifications and determinations; and (2) for Defendants to take reasonable steps to provide from their own records, at their own

expense, information from which a list of potential Settlement Class Members can be identified for the Mailed Notice. The Settlement Administrator shall also cause copies of the claim form attached as Exhibit A to the Settlement ("Claim Form"), the form of which is hereby approved, to be included with the Mailed Notice sent to those potential Eligible Settlement Class Members identified in the Claims Data Analysis as having claims for compensation under the Settlement valued at $500 or more.

9. The Mailed Notice, Claim Form and Settlement Agreement shall also be placed on the website created for this Settlement on or before the Notice Date.

10. The Court approves the form, substance and requirements of the Mailed Notice and Claim Form, and finds that the procedures established for mailing and distribution of the Mailed Notice and Claim Form substantially in the manner and form set forth in Paragraph 8 of this Preliminary Approval Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process, and any other applicable law, and constitute the best notice practicable under the circumstances.

11. Costs of providing the Notice to the Settlement Class that is specified in this Preliminary Approval Order shall be paid as set forth in the Settlement Agreement.

12. No later than 21 calendar days prior to the Settlement Hearing, Settlement Class Counsel shall cause to be filed with the Clerk of this Court an affidavit or declaration of the Settlement Administrator,

showing that such mailing has been made in accordance with this Preliminary Approval Order.

Settlement Hearing: Right to be Heard

13. The Court will hold a settlement hearing (the "Settlement Hearing") on **Friday, May 4, 2018 at 8:30 AM**, in the United States District Court for the Eastern District of Wisconsin, 517 East Wisconsin Ave., Courtroom 425, Milwaukee, Wisconsin, for the following purposes: (a) to determine whether the Court should grant final certification of the Settlement Class solely for purposes of settlement; (b) to determine whether the proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class and should be approved by the Court; (c) to determine whether the Judgment, in substantially the form attached as Exhibit D to the Settlement Agreement, should be entered, inter alia, dismissing the Litigation with prejudice and releasing the Released Claims against the Released Parties; (d) to rule upon Settlement Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses; (e) to rule upon Settlement Class Counsel's request for an award of incentive payments to the Class Representatives; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

14. The Settlement Hearing may be adjourned by the Court and the Court may address the matters set out above, including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Court's and Settlement Administrator's websites.

15. Settlement Class Members wishing to object to the proposed Settlement and/or be heard at the Settlement Hearing shall follow the following procedures.

(a) To object, a Settlement Class Member, individually or through counsel, must file a written objection with the Clerk, and must also serve a copy thereof upon the following, no later than 60 days after the Notice Date (the specific date for which shall be identified in the Mailed Notice):

Class Counsel (on behalf of themselves and on behalf of Settling Plaintiffs and Settlement Class Members):

Douglas P. Dehler
Christa Wittenberg
O'NEIL CANNON HOLLMAN DEJONG & LAING, S.C.
111 East Wisconsin Avenue Milwaukee, WI 53202
Telephone: (414) 276-5000
Facsimile: (414) 276-6581
Doug.Dehler@wilaw.com
Christa.Wittenberg@wilaw.com

John B. Tuffnell TUFFNELL LAW S.C.
790 N. Milwaukee Street Suite 200
Milwaukee, WI 53202
Telephone: (414) 550-2296
Facsimile: 414-437-9240
jbt@tuff-law.com

Case New Holland, Inc. n/k/a Case New Holland Industrial, Inc., and the Plan:

Patrick J. Murphy Alexandra W. Shortridge Paul Parrish
QUARLES & BRADY LLP
411 East Wisconsin Avenue Suite 2400
Milwaukee, WI 53202-4426
Telephone: (414) 277-5459

Facsimile: (414) 978-8617
patrick.murphy@quarles.com
alexandra.shortridge@quarles.com
paul.parrish@quarles.com

Blue Cross Blue Shield of Wisconsin d/b/a Anthem Blue Cross Blue Shield:

Briana L. Black
E. Desmond Hogan
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
Telephone: (202) 637-5600
Facsimile: (202) 637-5910
desmond.hogan@hoganlovells.com
briana.black@hoganlovells.com

Bartholomew F. Reuter
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
Telephone: (414) 297-5826
Facsimile: (414) 297-4900
breuter@foley.com

(b) The written objection must include (i) the Settlement Class Member's full name, address, and telephone number; (ii) the basis for the objection(s), including all factual and legal grounds in support of the objection, together with any documentation the Settlement Class Member filing the objection wishes the Court to consider; and (iii) the name of any lawyer who represents the Settlement Class Member, including any former or current counsel

who may be entitled to compensation for any reason related to the objection to the Settlement.

(c) Any Settlement Class Member who files and serves a written objection by the deadline stated in this paragraph of this Order may also appear at the Settlement Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. He or she must file and serve a letter stating it is his or her "Notice of Intention to Appear in *George et al. v. CNH Health & Welfare Benefit Plan et al.*" no later than 60 days after the Notice Date (the specific date to be identified in the Mailed Notice). Any attorney representing a Settlement Class Member for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(d) Any Settlement Class Member who does not timely file and serve a written objection and Notice of Intention to Appear, shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

(e) Any Settlement Class Member who does not make his or her objection in the matter provided for herein shall be deemed to have waived such objection and shall be forever foreclosed from making any objection to the fairness or adequacy of the Settlement (whether by appeal or otherwise). The manner in which a notice of objection shall be filed and served shall be stated in the Notice. By objecting to the Settlement or otherwise requesting to be heard at the

Settlement Hearing, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the member's objection or request to be heard.

16.     If approved, all Settlement Class Members will be bound by the proposed Settlement provided for in the Settlement Agreement, and by all determinations and judgments concerning the Settlement or affecting the Settlement Class, whether favorable or unfavorable to the Settlement Class.

Request for Exclusion from the Settlement Class

17.     Any potential member of the Settlement Class who elects not to participate in the Settlement (i.e., "Opt-Out") must submit a written request to Opt-Out that is postmarked no later than 60 days after the Notice Date ("Opt-Out Deadline," the specific date for which shall be identified in the Mailed Notice). Any such person who wishes to Opt-Out must provide: (a) the name, address and federal social security number or tax identification number of the person requesting to Opt-Out; and (b) a statement that the person wishes to be excluded (i.e., Opt-Out) of the Settlement Class. The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a request for exclusions has been timely submitted. The Settlement Administrator shall compile a list of all Opt-Outs to be filed with the Court no later than 21 days before the Settlement Hearing. All persons who submit valid and timely requests to Opt-Out in the manner set forth in this paragraph shall have no rights under the Settlement Agreement, shall not share in distribution of the Total Settlement Fund, and shall not be bound by the Settlement Agreement or any final judgment.

18.     Any potential Settlement Class Member failing to properly and timely mail such a written request to Opt-Out shall be automatically included in the Settlement Class, whether or not he or she objected to the Settlement, and shall be bound by all the terms and provisions of the Settlement Agreement, and Final Order and Judgment, including but not limited to the release of Released Claims against Released Parties provided for in the Settlement Agreement and the Judgment, if the Court grants final approval to the Settlement.

Claims Process

19.     As set forth in the Settlement Agreement, by choosing not to Opt-Out of the Settlement Class, each and every Settlement Class Member shall be deemed to have submitted a claim for compensation under the Settlement for the amount which they are eligible under the terms of the Settlement Agreement.

20.     If the Court enters final approval of the Settlement Agreement, each Settlement Class Member will receive not less than $20 pursuant to this Settlement.

21.     In addition, Eligible Settlement Class Members (as defined in the Settlement Agreement) are eligible to receive additional compensation (above the $20 minimum payment) under the Settlement up to the value of their claim for compensation as determined in accordance with the terms of the Settlement Agreement. Pursuant to the Settlement Agreement, Eligible Settlement Class Members with a claim for compensation valued at $500 or less under the Settlement are not required to submit any proof of claim or other documentation to support a request for additional compensation. Any Eligible Settlement Class Member

whose claim for additional compensation under the Settlement is valued at more than $500 must complete and submit a Claim Form and provide required documentation in accordance with the instructions in the Mailed Notice and the Claim Form if he or she wishes to seek additional compensation based on the full value of the claim (in excess of $500). To be valid and timely, Claims Forms and required documentation submitted in connection with this Settlement must be postmarked no later than 60 days after the Notice Date ("Claims Submission Deadline," the specific date for which shall be identified in the Mailed Notice).

Settlement Administrator

22. The Court hereby appoints Garden City Group, LLC ("GCG") as the Settlement Administrator. Responsibilities of the Settlement Administrator including the following without limitation: (a) obtaining requisite data for, and disseminating the Mailed Notice to potential Settlement Class Members; (b) attesting that such mailing has been made in accordance with this Preliminary Approval Order and providing any other information relevant to the mailing of notice; (c) establishing a toll-free telephone line and responding to telephonic and written requests and other inquiries from potential Settlement Class Members; (d) establishing a website for purposes of posting the Mailed Notice, Settlement Agreement and related documents; (e) accepting and maintaining documents sent from the potential Settlement Class Members including Claim Forms, requests to Opt-Out, and other documents relating to claims administration; (f) submitting to Class Counsel and counsel for Defendants prior to the Settlement Hearing a list setting forth the names and addresses of each Plan Member who would otherwise be a

member of the Settlement Class who has validly and timely elected to Opt-Out from the Settlement Class; (g) administering claims (submitted and deemed submitted) for payment, in accordance with the terms of the Settlement Agreement, including determining amounts to be paid; and (h) all other responsibilities designated to the Settlement Administrator in the Settlement Agreement.

Other Provisions

23. As set forth in the Settlement Agreement, nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

24. If, for any reason, the Settlement Agreement is terminated pursuant to the provisions in section 6.3 of the Settlement Agreement, the Parties fail to obtain a Final Order and Judgment as contemplated by the Settlement Agreement, or final approval of the Settlement is reversed, vacated or modified in any material respect, this Preliminary Approval Order shall be void, the foregoing conditional certification of the Settlement Class and appointment of Class Representatives and Settlement Class Counsel shall be void and of no further effect, and the Parties to the Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any right or legal argument that any of the Parties to the Settlement Agreement might have had but for the Settlement Agreement, all of which are reserved. In such event, no

reference to the Settlement Agreement, Settlement Class or any documents, communications or negotiations related in any way thereto shall be made for any purpose in the Litigation or any action or proceeding.

Dated at Milwaukee, Wisconsin, this 20th day of September, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge